# GRACE FRANCE

*vs.*

# WILLIAM GASTON

Superior Court        Fairfield County        File No. 62186

MEMORANDUM FILED MAY 12, 1942.

*Mark Candee*, of Greenwich, for the Plaintiff.

*Cummings & Lockwood*, of Stamford, for the Defendant.

Memorandum of decision in action for libel and slander.

BOOTH, J. The complaint contains five counts. The first, second and third counts set forth actions of libel and the fourth and fifth set forth actions of slander.

The basis of the second count is an alleged publication by the defendant of a letter alleged to have been addressed to one Grace Bangs of Westport, and the basis of the third count is an alleged publication by the defendant of a letter alleged to have been addressed to one Frances Tilgham of Westport. No evidence was offered which would justify a finding that either of the above alleged letters were in fact written or published by the defendant. The only evidence offered upon this subject consisted of a letter, Exhibit B, which the defendant wrote the plaintiff in which he stated in substance that he intended to report to Mrs. Bangs and Miss Tilgham, certain claimed conduct of the plaintiff in respect to certain claimed financial transactions with Colgan's Pharmacy. Whether such intention was to communicate with Mrs. Bangs and Miss Tilgham orally or by letter did not appear, however, and the court is not satisfied from the evidence that such declaration of the defendant ever developed beyond the intentional stage. Such being the situation it is found that the plaintiff has failed to properly establish all of the material allegations of the second and third counts in so far at least as they relate to a publication of the alleged libelous matter.

The basis of the fourth count is an allegation that the defendant referred to the plaintiff as "a madam." The evidence offered in support of this allegation was to the effect that the defendant's maid had informed the defendant that the plaintiff had struck his ten months' old baby; that thereupon the defendant became very angry and apparently intended to express to the plaintiff his disapproval of her claimed conduct but proceeded no further than "You, you, madam", when he left the plaintiff's presence and said no more. The plaintiff claims that the court should infer from this evidence that the defendant intended to imply that she was an immoral woman. It is true that the appellation

"Madam" is susceptible of such construction but it is equally true that it is a term of respect. While the court is of the opinion that the use by the defendant of the term "Madam" was not intended to mark the defendant's respect for the plaintiff, it is also of the opinion that he did not intend to imply therefrom that she was immoral. A fair construction of the entire matter appears to be that the defendant intended to express his disapproval of the plaintiff's claimed conduct but became so overcome by emotion that he proceeded no further than a preface which had no particular meaning under the circumstances.

It is accordingly found from all the evidence that the plaintiff has failed to established by a proper weight thereof that the word "Madam" as used by the defendant was so used by him with the meaning charged in the innuendo alleged in the fourth count of the complaint and consequently that this material allegation of this count is not sustained by the evidence.

The fifth count of the complaint is based upon the allegation that the defendant slandered the plaintiff by declaring in the presence of divers persons that the plaintiff was frequently drunk. No evidence of any character was offered in support of this count. Indeed, the plaintiff in argument conceded that she had produced no evidence thereon and made no claim thereunder. The issues of this count are therefore found for the defendant.

The only remaining count is the first. This consists of a charge of libel against the defendant in publishing a letter, Exhibit A, to Colgan's Pharmacy in Westport. According to the evidence it appeared that the plaintiff was the keeper of a boarding house in Westport, Connecticut, known as the Calico Cottage; that in the latter part of September, 1940, the defendant's infant son and his nurse became boarders in the plaintiff's house through arrangements previously made by the defendant and the plaintiff; that during this period the nurse became ill, and required some medical supplies; that the baby also required some supplies which were procurable at a drug store; that supplies for both were procured at Colgan's Pharmacy by the plaintiff at the request of the defendant, who authorized the plaintiff to have the same charged to him at Colgan's Pharmacy; that later and on October 2, 1940, Colgan's Pharmacy sent to the plaintiff an

itemized bill, Exhibit C, for certain supplies; that in response to this bill the defendant sent to Colgan's Pharmacy his check for a portion of this bill and wrote Exhibit A to Colgan's Pharmacy setting forth his claims in relation to the balance of its bill; that in this letter the defendant claimed that certain of the items of the pharmacy bill were charges for supplies which he had not authorized the plaintiff to procure and that certain of the other items were for articles which he had instructed the plaintiff to procure with money which he had previously supplied her for that purpose; that in relation to this latter claim the defendant in his letter stated that the plaintiff "had pocketed the cash" in question and in the closing sentence of the letter he stated "I should go very cautiously in my dealings with Miss France in the future."

The defendant admitted the sending of the aforesaid letter but claimed that it was a communication made on an occasion of privilege in order to protect his own interests. It is the opinion of the court that while the explanation of the defendant concerning his reasons for not paying the entire bill of the Colgan's Pharmacy were made in the legitimate conduct of his own affairs and consequently privileged with the meaning of the law as expounded in *Ely vs. Mason,* 97 Conn. 38, his statements in Exhibit A to the effect that the plaintiff pocketed the money he had given her to pay for certain of the items involved and his voluntary advice to the Colgan's Pharmacy to exercise caution in its future dealings with the plaintiff indicate that therein he exceeded the bounds of protecting his own interests. Further, the court is of the opinion that the above portion of Exhibit A was not privileged within the meaning of the law but was actuated by malice on the part of the defendant despite his claim that he believed the charge to be true. That the portion concerning the alleged pocketing of the defendant's money by the plaintiff was libelous *per se* must be conceded as it clearly charges the plaintiff with a criminal offense involving moral turpitude. The defamatory publication charging such criminal offense not being denied, stands admitted and makes out a *prima facie* case against the defendant and from its publication the law presumes it is false, imputes malice to its author and presumes some damage. *Flanagan vs. McLane,* 87 Conn. 220, 226.

No satisfactory evidence of special damages was offered

by the plaintiff. The only evidence upon this subject consisted of a most general statement concerning the income from the plaintiff's boarding house business before and after the alleged libel with no confirmation thereof by any records. This then leaves for consideration the amount of general damages to which the plaintiff is entitled. In the first place she would be entitled to substantial compensation for such injury to her reputation and feelings and for her mental suffering as it is natural to presume she experienced from the false accusations of the defendant. In addition thereto she would be entitled to exemplary damages because of the malice involved, the amount of which should be limited to her expenses in the conduct of the present litigation less the sum which she will receive as taxable costs.

In respect to the first element the court is of the opinion that under all the circumstances an award of $200 would justly compensate the plaintiff therefor and that as to the second element an award of $100 would be proper.

In view of all of the foregoing, judgment may enter for the plaintiff upon the issues of the first count of the complaint and for the plaintiff to recover of the defendant $300 damages and costs. In so far as counts two, three, four and five are concerned, the issues thereof are found for the defendant.