DURRICK O. K. JONES *v.* EDWIN R. EDMONDS

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 137735

Memorandum filed August 28, 1974

*Winnick, Resnik, Skolnick & Auerbach,* of New Haven, for the plaintiff.

*Zeldes, Needle & Cooper,* of Bridgeport, for the defendant.

GRILLO, J. The cardinal allegations of the complaint to which the demurrer is addressed are as follows: The plaintiff, general counsel for Community Progress, Inc., was advised by the executive director of that corporation that he was being relieved of his position effective October 15, 1973. The plaintiff asserted that a written contract terminating in October, 1975, existed between him and the corporation. Thereafter the defendant, a member of the board of directors of Community Progress, Inc., made the following defamatory statement published in the New Haven Register: "The legality of those purported contracts will be decided by the court."

The fulcrum of the defendant's demurrer is that the single statement attributed to the defendant is not, as a matter of law, defamatory.

While it is true that the assertion of the defendant, standing alone, would appear to be an innocuous comment, the plaintiff also avers that by that statement the defendant meant that the contract of employment referred to had been obtained by fraud or by artifice and device.

"Where the alleged defamatory words may seem innocuous on their face, they may nevertheless give rise to a defamatory innuendo because of extrinsic facts. . . . The defamed party should allege the innuendo in his complaint and must prove the circumstances under which the words became defamatory." Wright & Fitzgerald, Conn. Law of Torts (2d Ed.) § 151; *Mix* v. *Woodward,* 12 Conn. 262, 281. For example, while it is true that the appellation "Madam" is susceptible of a construction that implies immorality, it is equally true that it is a term of respect, and a plaintiff must be given the oppor-

tunity to demonstrate by extrinsic facts that the defendant intended to imply that the plaintiff was an immoral woman. *France* v. *Gaston,* 11 Conn. Sup. 1.

One authority states the proposition, which to this court meets the thrust of the defendant's demurrer, succinctly and pragmatically: "If the defamatory meaning arises only from facts not apparent upon the face of the publication, the plaintiff has the burden of pleading and proving such facts, by way of what is called 'inducement.' Likewise, he must establish the defamatory sense of the publication with reference to such facts, or the 'innuendo.' Thus a statement that the plaintiff has burned his own barn is not defamatory on its face, since he was free to do so; but when it is pleaded as inducement that he had insured the barn, and as innuendo that the words were understood to mean that he was defrauding the insurance company, a charge of the crime of arson is made out, which is defamatory." Prosser, Torts (4th Ed.) § 111.

The demurrer is overruled.