[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE (NO. 103)
The plaintiff, B.V. Brooks ("Brooks"), and five corporations CT Page 3221 which publish newspapers, Westport News, Inc., Darien News-Review, Inc., Fairfield Citizen of Connecticut, Inc., Greenwich News, Inc., and Brooks Community Newspapers, Inc., ("the newspaper plaintiffs"), filed a twelve-count complaint on July 27, 1992, seeking to recover for damages sustained as a result of an allegedly libelous article written by defendant. Jim Motavalli ("Motavalli"). The article was published in the May 21, 1992 edition of the Fairfield County Advocate, a publication owned by defendant New Mass. Media, Inc. ("NMM").
The article at issue, which concerns Brooks' business enterprises, contains the following statements:
a. Brooks has tried to protect his newspapers from a similar fate (bankruptcy) by transferring their ownership to a series of family trusts.
b. The deal reportedly fell through when Brooks attempted to make last minute changes to the package.
c. The poor Brooks Newspaper chain is always a bridesmaid but never a bride. . . . a parade of suitors have been traipsing through the Main Street headquarters of the chain, but none have decided to take the Grey Lady of Westport to the altar.
d. The Sicher Group came hard on the heels of a failed $9 million dollar deal.
e. Brooks is said to own a part of United Printing and Litho, which produces some of Brooks papers now; he was reportedly worried that new owners would make a separate deal with the New Britain Herald.
f. Brooks might also want to try a buy back arrangement, by which the new owners would acquire the chain's Westport Corporate headquarters building, then sell it back to a new Brooks Corporation.
The plaintiffs allege that their respective characters and reputations have been damaged by the defendants' publication of these statements.
In Count I of the complaint, Brooks asserts a libel claim against NMM. In Count II, Brooks asserts a libel claim and seeks exemplary damages pursuant to General Statutes 52-237
CT Page 3222 based on NMM's alleged failure to retract its statements within a reasonable time. In Count III, Brooks asserts a libel claim against NMM, and alleges that NMM acted with "malice in fact" because it published the article "without a reasonable attempt to ascertain its truth."
In Count IV, Brooks asserts an invasion of privacy claim against NMM, and alleges that NMM placed him "in a false light in the public eye." In Count V, the newspaper plaintiffs assert an invasion of privacy claim against NMM. In Count Vl, Brooks asserts a negligent infliction of emotional distress claim against NMM. In Count VII, Brooks asserts a libel claim against Motavalli. In Count VIII, Brooks asserts a libel claim and seeks exemplary damages pursuant to General Statutes52-237 based on Motavalli's alleged failure to retract its statements within a reasonable time. In Count IX, Brooks asserts a libel claim against Motavalli, and alleges that. Motavalli acted with "malice in fact." In Count X, Brooks asserts an invasion of privacy claim against Motavalli. In Count XI, the newspaper plaintiffs assert an invasion of privacy claim against Motavalli. In Count XII, Brooks asserts a negligent infliction of emotional distress claim against Motavalli.
On September 18, 1992, the defendants filed a motion to strike (#103) and a supporting memorandum of law (#104). The defendants move to strike the plaintiffs' claims for the following reasons:
1. Counts I, II, III, VII, VIII and IX fail as a matter of law to state claims because the statements complained of are not defamatory;
2. Counts I, II, IV, V, VI, VII, VIII, X, XI and XII fail as a matter of law to state claims because they fail to allege fault;
3. Counts III and IX fail as a matter of law to state claims because Brooks, as a publisher and public figure, fails to allege actual malice;
4. Counts V and XI fail as a matter of law to state claims because the newspaper plaintiffs, as corporations, may not sue for invasion of privacy for being placed in a false light; CT Page 3223
5. Counts IV, V, X and and XI fail as a matter of law to state claims because the statements complained of do not cast false light because they are not highly offensive to a reasonable person; and
6. Counts VI and XII fail as a matter of law to state claims because the statements complained of are not extreme and outrageous.
The plaintiff filed a memorandum of law is opposition (#107) on November 9, 1992.
A. Defendants' First, Third, Fifth, and Sixth Arguments are not grounds for striking the Plaintiff's complaint.
The defendants' first argument is that Counts I, II, III, VII, VIII and IX of the plaintiff's complaint, which sound in libel, should be stricken on the grounds that "the statements complained of are not defamatory."
"Words claimed to be [defamatory] are to be given their natural and ordinary meaning and to be understood in the sense which [people] of common and reasonable understanding would ascribe to them and where their meaning is not apparent upon their face it is for the jury to determine what it was." Terry v. Hubbell, 22 Conn. Sup. 248, 255, 167 A.2d 919
(Superior Court 1958), quoting Carey v. Woodruff 89 Conn. 304,308 (1915). "Where the alleged defamatory words may seem innocuous on their face, they may nevertheless give rise to a defamatory innuendo because of extrinsic facts. . . . The defamed party should allege the innuendo in his complaint and must prove the circumstances under which the words became defamatory." (Citations omitted.) Jones v. Edmonds,31 Conn. Sup. 409, 410, 332 A.2d 789 (Superior Court 1974).
The defendants are attempting to argue questions of material fact and issues of proof outside of the pleadings which cannot be decided by way of a motion to strike. See Connecticut State Oil Co., v. Carbone, 36 Conn. Sup. 181, 182-183, 415 A.2d 771
(Superior Court 1979).
The defendants first argument is not sufficient to serve as grounds for striking Counts I, II, III, VII, VIII and IX of the plaintiff's complaint. CT Page 3224
The defendant's third argument is that Counts III and IX, which allege that the defendants' published the libelous statements with "malice in fact," should be stricken because the plaintiff is a "public figure", and because the plaintiff must prove "actual malice" on the part of the defendants.
"Malice in fact" involves "some improper or unjustifiable motive in publishing the article." Sandora v. Times Co.,113 Conn. 574, 582 note, 155 A. 819 (1931). "Malice might be inferred from the failure to make a reasonably careful investigation of the facts before publication." Corbett v. Register Publishing Co., 33 Conn. Sup. 4, 8, 356 A.2d 472
(Superior Court 1975), quoting Osborne v. Troupe, 60 Conn. 485,493, (1891). See also Haxhi v. Moss, 25 Conn. App. 16, 19-20591 A.2d 1275 (1991).
In paragraph 5 of both Counts III and IX, the plaintiffs allege that "[s]aid publication . . . was published with malice in fact, in that it was published without an honest intention to serve a proper purpose and/or without a reasonable attempt to ascertain its truth." Counts III and IX of the plaintiffs' complaint allege legally sufficient claims of "malice in fact." In addition the defendants, in arguing that plaintiff Brooks is a "public figure," and that the plaintiffs must prove factual malice, are arguing questions of fact outside the complaint, and are therefore making an improper "speaking motion to strike." See Connecticut State Oil Co. v. Carbone, supra, 182-183. Therefore, the defendants' third argument cannot serve as grounds for striking Counts III and IV.
The defendants' fifth argument for striking Counts IV, V, X and XI, which allege claims for invasion of privacy, is that the defendants' actions are not highly offensive to a reasonable person.
Whether an intrusion is "highly offensive to a reasonable person" is for a jury to decide, or may be decided upon affidavits on a motion for summary judge. Rafferty v. Hartford Courant Co., 36 Conn. Sup. 239, 240-41, 416 A.2d 1215
(Superior Court 1980). Thus, the defendants' fifth argument fails as grounds for striking Counts IV, V, X, and XI.
The defendants' sixth argument is that Counts VI and XII fail to state legally sufficient claims for negligent CT Page 3225 infliction of emotional distress "because the statements complained of are not extreme and outrageous."
The plaintiffs need not allege "extreme and outrageous" conduct on the part of the defendants in order to assert a legally sufficient claim for negligent infliction of emotional distress. See Montinieri v. Southern England Telephone Co.,175 Conn. 337, 345, 398, A.2d 1180 (1978).
The defendants' sixth argument fails as grounds for striking Counts VI and XII.
B. Corporations and Invasion of Privacy
The defendants' fourth argument is that Counts V and XI should be stricken because the newspaper plaintiffs, as corporations, may not sue for invasion of privacy for being placed in a false light.
"[C]orporations do not enjoy a right to privacy." L. Cohen and Co., Inc. v. Dun Bradstreet, Inc., 629 F. Sup. 1425,1429 (D. Conn. 1986) Clinton Community Hospital Corporation v. Southern Maryland Medical Center, 374 F. Sup. 450, 456 (D. Md. 1974), aff'd 510 F.2d 1037 (4th Cir.), cert denied, 422 U.S. 1048, 95 Superior Court 2666, 45 L.Ed.2d 700 (1975). "The branch of the right to privacy invoked by the plaintiff is designed to protect `the interest of the individual in not being made to appear before the public in an objectionable false light. . . .' The law of privacy is thus concerned with the reputational interests of individuals rather than the less substantial reputational interests of corporations." (Emphasis in original.) L. Cohen Co., Inc., v. Dun Bradstreet, Inc., supra 1430. Therefore the defendants motion to strike Counts V and XI is granted.
C. Failure to Allege Fault
The defendants' second argument is that Counts I, II, IV, V, VI, VII, VIII, X, XI and XII fail to state legally sufficient claims "because they fail to allege fault." Counts V and XI are stricken on other grounds, and therefore, will not be addressed in this section.)
In Counts I, II, VII and VIII, the plaintiffs allege libel claims against the defendants. "The standard of fault CT Page 3226 applicable to `private individuals' . . . requires the plaintiff to prove a negligent misstatement of fact." (Citation omitted.) Miles v. Perry, 11 Conn. App. 584, 588, 529 A.2d 199 (1987). On the other hand, public figures must give "clear and convincing proof that the defamatory falsehood was published . . . with knowledge that the statement was false or with reckless disregard for its falsity." Id.
In Counts I and VII, the plaintiffs allege that the defendants' statements were "calculated to cause injury to [Brook's] business" (paragraph 5). Since it is recognized that allegations of libel "which injure a man in his profession" are actionable per se Proto v. Bridgeport Herald Corporation, 136 Conn. 557, 565-66, 72 A.2d 820 (1950) Counts I and VII are legally sufficient. Furthermore, the issue of the defendants' "fault" depends upon whether the plaintiffs are "public figures" or "private individuals," and thus involves questions of fact outside the complaint.
In Counts II and VIII, the plaintiffs are pleading "malice in fact" pursuant to General Statutes 52-237, which provides in pertinent part that the plaintiff must request that the defendant "retract the libelous charge in as public a manner as that in which it was made," and if the defendant fails to do so, the plaintiff is entitled to "exemplary damages." See Proto v. Bridgeport Herald Corporation, supra, 571. In paragraph 6 of both counts, the plaintiffs allege that the defendants failed to retract the libelous statements within a reasonable time. Counts II and VIII are legally sufficient.
In Counts IV and X, the plaintiffs assert invasion of privacy claims against the defendants.
A claim for "false light" invasion of privacy must allege, inter alia, that "the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed." (Citations omitted).) Goodrich v. Waterbury Republican-American, Inc., 188 Conn. 107, 131 448 A.2d 1317
(1982).
Since the plaintiffs failed to allege this essential element, the defendants motion to strike is granted as to Counts IV and X. CT Page 3227
In Counts VI and XII, the plaintiffs assert claims for negligent infliction of emotional distress. To allege a legally sufficient claim for negligent infliction of emotional distress, the plaintiff must allege inter alia that "the defendant should have realized that its conduct involved an unreasonable risk" of causing distress to the plaintiff.
Montinieri v. Southern New England Telephone Company, supra 345. In paragraph 5 of Counts VI and XII, the plaintiffs allege that the defendants "knew of should have known that said publication involved an unreasonable risk of causing the plaintiff emotional distress. . . ."
Counts VI and XII assert legally sufficient claims for negligent infliction of emotional distress.
For the foregoing reasons, defendants' motion to strike Counts V and XI is granted on the grounds that corporations may not sue for invasion of privacy for being placed in a false light.
The defendants motion to strike is granted as to Counts IV and X because they fail to state legally sufficient claims for invasion of privacy.
The defendant's motion to strike is denied as to Counts I, II, III, VI, VII, VIII, IX and XII.
LEHENY, JUDGE