PATRICK MOYNAHAN *vs.* THE WATERBURY REPUBLICAN, INC.

Third Judicial District, Bridgeport, October Term, 1917.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, JS.

While the existence of a privileged occasion casts upon the plaintiff in
an action for libel the burden of proving express or actual malice
upon the part of the defendant in publishing the defamatory mat-
ter, it has no other or further effect, and therefore affords no justi-
fication for a publication which is shown to have been actuated
by express malice and to have been made for the purpose of in-
juring the plaintiff's character and reputation.

Whether the published statements are false and malicious or not, is a
question of fact for the trier upon all the evidence in the case.

The evidence in the present case reviewed and *held* to warrant a find-
ing of express malice.

Evidence of conditions and occurrences observable in a municipal alms-
house prior to the time referred to in the alleged libel, is not ad-
missible to prove the truth of the charges made therein.

Argued October 23d, 1917—decided January 3d, 1918.

ACTION for libel, brought to and tried by the Su-
perior Court in New Haven County, *Bennett, J.;* facts
found and judgment rendered for the plaintiff for $1,000,
and appeal by the defendant. *No error.*

The plaintiff was superintendent of the Brookside
Home, an institution for the care of indigent persons
in the city of Waterbury. This home was under the
charge and direction of the board of charities of the
city. In connection with the home there was main-
tained the City Hospital, all under the management
of the superintendent. The alleged libelous article
was published in the Waterbury Republican on the
3d day of February, 1916, and it purported to be an
interview with Ella A. Grimes, in which publication
it was charged directly or by innuendo that the plain-

tiff had refused to improve conditions at the City Hospital when necessary, had provoked a spirit of hostility between nurses and patients, had unlawfully appropriated money and products of the farm connected with the Brookside Home to his own use, and had furnished the inmates of the home with unwholesome food; that he had permitted the home to become dirty and infested with vermin, had neglected to keep the furniture of the hospital in a fit condition to use, had compelled patients to perform labor for which they were to receive compensation, and then diverted the money to improper uses, had entertained his friends with expensive meals and paid for them with public funds; and that he was degraded, unprincipled, and dishonest.

*Lawrence L. Lewis*, for the appellant (defendant).

*James M. Lynch*, with whom was *Francis P. Guilfoile*, for the appellee (plaintiff).

SHUMWAY, J. There are two questions presented by the appeal in this case, as stated in the defendant's brief: (1) Did the trial court err in holding and ruling that the publication was made with express malice? (2) Did it err in its rulings on evidence?

That the alleged libel was published by the defendant, and that the matter was libelous if malicious, is not questioned. The larger portion of the numerous reasons of appeal relate to the refusal of the court to find certain facts which, if found, would show, the defendant claims, that the finding of the court was against the evidence. The court has found that the "publication was false and malicious. The statements were made without sufficient occasion or excuse, recklessly, and in disregard of the plaintiff's rights and reputation;

and of the consequences that might result to him therefrom, and for the purpose of injuring him in his character and reputation, and of holding him up to ridicule and contempt." The defendant having in its answer alleged the truth of the statements contained in the publication, the finding of the court does not rest upon the presumption that the statements were false, but upon the evidence offered by the plaintiff to prove their falsity. It is elementary that there rests upon every one a general duty to publish no defamatory matter, "unless he possesses evidence of its truth so certain that he can establish his charge in a court of justice;" and the fact of publication of such matter is of itself proof of malice, as a legal presumption. The defendant, however, in its answer, alleges that the statements made in the publication "were given to a reporter of the defendant in the usual course of business by one Ella A. Grimes, a nurse formerly in the employ of the city of Waterbury, who . . . had charge of . . . the welfare of the patients in the City Hospital at the Brookside Home, a public institution in Waterbury, and the defendant, without malice, . . . published said article in good faith in its news columns, and honestly believed the statements . . . were true, and these matters were proper subjects to lay before the citizens of Waterbury."

The facts stated in the answer, if proven, show an "occasion" of privilege. While the publication of defamatory matter upon an occasion of privilege casts upon the plaintiff the burden of proving malice in fact, and the presumption of malice arising from the publication no longer prevails, yet the fact that the defamatory matter was published on an occasion of privilege is not a justification, and does not make such matter a "privileged communication." The question whether the communication was privileged or not still

remains as a question of fact, to be determined by the trier. *Atwater* v. *Morning News Co.*, 67 Conn. 504, 513, 34 Atl. 865.

The finding of the court that the publication was false and malicious is conclusive, certainly if based upon legal evidence. The defendant has made a part of the record in this court all of the evidence, and alleges as error that the trial court did not find as facts the statements contained in very many of the paragraphs of the defendant's request and draft-finding. These statements, condensed, are: The defendant merely published an interview between its reporter and the nurse, Miss Grimes; other similar articles had appeared in Waterbury papers. The same story was published in the Waterbury American the day before. The editor of the defendant's newspaper was out of town at the time of the publication. Miss Grimes called at the defendant's newspaper office and desired to make a statement. The defendant knew the same statements had been made by another nurse. No representative of the press was permitted to be present at the hearing before the board of charities when investigating the charges made by Miss Grimes against the superintendent of the Brookside Home. None of the editors or reporters in the defendant's service had more than speaking acquaintance with the plaintiff, Moyanhan. Miss Grimes told the editor that her charges were known to the mayor of Waterbury and the board of charities. The plaintiff, when called upon by some representative of the defendant, refused to make any comment on the charges before their publication. These are the facts as summarized in the defendant's brief, which it claims proves the absence of malice in the publication.

All these facts, if proven, were proper matters for the court to consider in determining whether the de-

fendant acted in good faith and with an honest belief that the charges were true, and also whether in making the publication it had an honest intent to perform a duty to the people of Waterbury to make public a deplorable condition in Brookside Home and the City Hospital, as well as to show that the superintendent was unfit to have the management of them. But such facts are by no means conclusive that the defendant was actuated only by an honest intent to perform a duty to the public. The court was bound to consider and weigh all the evidence in the case. That there was evidence from which the court could find malice is clear. If nothing more appeared in evidence, the caricature published in the defendant's newspaper subsequent to the defamatory article, purporting to portray pictorially the conditions at the Brookside Home, as detailed in the libelous publication, might justify a finding of malice. It was evidently designed to expose the plaintiff to scorn and ridicule. Indeed, the evidence fully sustains the finding that the statements of the publication were made recklessly and without sufficient excuse, and the defendant cannot expect this court to retry questions of fact.

There is no error in the rulings on evidence. The principal complaint of the defendant is that the court excluded evidence as to the conditions in the Brookside Home, prior to Miss Grimes' employment. The defamatory article contained the story of Miss Grimes as to the conditions and occurrences observed by her. The defendant, in attempting to justify them by proving the truth of her statements, "was bound to meet the averments of the complaint in every substantial particular, and the justification must be as broad as the charge and must justify the charge claimed to be libelous." Evidence of what other persons may have seen prior to Miss Grimes' employment does not tend

to prove what the conditions were later, neither does testimony of witnesses as to other occurrences before those related by Miss Grimes, of which she had no knowledge save from the declarations of those who claimed to have witnessed them, tend to corroborate her.

There is no error.

In this opinion the other judges concurred.