GEORGE CORBETT III ET AL. *v.* THE REGISTER PUBLISHING COMPANY ET AL.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE NO. 129520

Memorandum filed July 31, 1975

*Lynch, Traub, Keefe & Marlowe,* for the plaintiffs.

*Thompson, Weir & Barclay,* for the defendants.

DAVID M. SHEA, J. The complaint in this action alleges that the defendants, Register Publishing Company and Lionel Jackson, on November 13,

1970, published an article in their newspaper, the New Haven Register, which was written by the defendant Leona Peterson and which is claimed to have libeled the plaintiffs. The article stated that a seventeen-year-old youth, Dennis J. Corbett, had been arrested by the Branford police following a telephone call from his mother, Mrs. George Corbett, and that, when the police arrived, he used foul language and attempted to kick one of the policemen. The article also stated that he was the son of Youth Officer George Corbett, a misstatement which is the basis for this action. It is alleged that the plaintiff George Corbett, Jr., was an officer of the Branford police department and that he was a detective sergeant youth officer at the time of publication. The plaintiff Eleanor Corbett is his wife and the plaintiff George Corbett III, who was seventeen years old at the time, is his son. The complaint alleges that the article was published in an improper and unjustifiable manner with improper and unjustifiable motives. It is also alleged that a retraction of the article was requested and that it was published on November 14, 1970, but that it was inadequate.

The defendants have moved for summary judgment and have filed in support of the motion an affidavit of the defendant Leona Peterson, pertaining to the circumstances of writing the article, and an affidavit of Clarence French, suburban editor of the New Haven Register, relating to the retraction. No counter affidavits have been filed in behalf of the plaintiffs, as Practice Book § 299 seems to demand, nor has any claim been made that affidavits of material facts are unavailable to the plaintiffs or that a continuance is needed to obtain such affidavits, as permitted by Practice Book § 301. The court, therefore, must rely on the facts as stated in the affidavits filed by the defendants.

## I

The affidavit of French indicates that the plaintiff George Corbett, Jr., telephoned him on November 13, 1970, to complain of the mistake in the article, but that Corbett also said that he did not care whether a retraction was printed because it would do no good. The complaint alleges that a request for a retraction was made, but in the disclosure filed by the plaintiffs it is admitted that any request was made orally by telephone.

General Statutes § 52-237 provides as follows: "In any action for a libel the defendant may give proof of intention; and unless the plaintiff proves either malice in fact or that the defendant, after having been requested by him *in writing* to retract the libelous charge, in as public a manner as that in which it was made, failed to do so within a reasonable time, he shall recover nothing but such actual damage as he may have specially alleged and proved." (Emphasis added.)

The complaint alleges humiliation and embarrassment resulting from the libel but no pecuniary special damages. In response to interrogatories the plaintiffs' disclosure states that no actual damage was sustained. Since it is also admitted that no written request for a retraction was made, as required by General Statutes § 52-237, that statute would bar any recovery unless the plaintiffs can prove "malice in fact."

The statutory requirement of "malice in fact" has never been construed to require proof of spite, ill will, or personal pique on the part of the perpetrator of a libel. Proof of any improper or unjustifiable motive will suffice. *Moore* v. *Stevenson,* 27 Conn. 14, 27. So far as the liability of a newspaper employee is concerned, a finding of such a motive would be supported by evidence that he

had failed to "exercise the care and vigilance of a prudent and conscientious man wielding the power of the public press." Id., 29. The effect of the statute was simply to modify the common-law rule that malice might be presumed merely from the false publication. *Hotchkiss* v. *Porter,* 30 Conn. 414, 421. Malice might be inferred from the failure to make a reasonably careful investigation of the facts before publication. *Osborne* v. *Troup,* 60 Conn. 485, 493. Jury verdicts in libel cases against newspapers have been sustained where the only substantial evidence supporting the element of malice was a failure to make an adequate investigation of the facts. *Sandora* v. *Times Co.,* 113 Conn. 574, 579; *Corsello* v. *Emerson Bros., Inc.,* 106 Conn. 127, 133; *Moynahan* v. *Waterbury Republican,* 92 Conn. 331, 334. In this case the uncontested facts recited in the supporting affidavits arguably might permit an inference of improper motive based on a publication of an article potentially defamatory without adequate investigation of the facts. *Corsello* v. *Emerson Bros., Inc.,* supra. That inference would satisfy the statutory requirement of "malice in fact," which judicial gloss seems to have diluted to misconduct amounting essentially to negligence.

It cannot be said, therefore, that the undisputed facts in the affidavits establish as a matter of law that the plaintiffs cannot prove "malice in fact" at a trial. Since negligent misconduct may provide the basis for drawing that inference, a factual issue remains which cannot be decided in this proceeding. "Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." *Spencer* v. *Good Earth Restaurant Corporation,* 164 Conn. 194, 199.

## II

The defendants also claim that revisions of common-law or statutory standards for imposing

liability in libel cases dictated by first amendment considerations as articulated in *New York Times Co.* v. *Sullivan,* 376 U.S. 254, entitle them to summary judgment. In the *New York Times* case it was held that the guarantees of freedom of speech and of the press contained in the first amendment require that "actual malice" be proved in a libel action brought by a public official. In the absence of evidence of actual knowledge of the falsity of the published statements, it must be demonstrated that publication was made with a "high degree of awareness of their probable falsity." *Garrison* v. *Louisiana,* 379 U.S. 64, 74. The evidence must indicate that the publisher "entertained serious doubts as to the truth of his publication" in order to show the reckless disregard for truth or falsity from which actual malice can be inferred. *St. Amant* v. *Thompson,* 390 U.S. 727, 731. "Failure to investigate does not of itself satisfy this standard." *Moriarty* v. *Lippe,* 162 Conn. 371, 380.

The complaint contains no innuendo specifying the manner in which the newspaper article was defamatory of the plaintiff George Corbett, Jr., although such an allegation is made in respect to the plaintiff George Corbett III. In his brief the plaintiff George Corbett, Jr., suggests that the "false statement that he was the arrestee's father is the only way he is connected to the subject of the article." The complaint, however, does refer in several places to the status of the plaintiff George Corbett, Jr., as a Branford police officer and, despite the quoted statement in the brief, it is obvious that the only defamation of that plaintiff contained in the article lies in the implication of his incompetency as a "youth officer" by virtue of his relationship to an unruly adolescent. The mere linkage by paternity to a youth arrested for a minor offense could not reasonably have any defamatory import. Furthermore, since special damages are not alleged

and are actually disclaimed by the disclosure, it is the imputation of incompetency in his profession which affords the plaintiff George Corbett, Jr., ground for an actionable libel, that kind of aspersion falling into one of the recognized categories of libel per se. *Charles Parker Co.* v. *Silver City Crystal Co.*, 142 Conn. 605, 612.

It is apparent, therefore, that any libel of the plaintiff George Corbett, Jr., involved his position as a Branford police officer having special duties as a youth officer. He cannot, therefore, rely on mere negligence in failure to investigate the facts properly but must prove, in accordance with the *New York Times* standard, at least that the defendants were aware of the probable falsity of the statements before publication. *Moriarty* v. *Lippe,* supra, 381.

The uncontroverted facts in the supporting affidavits indicate no basis for an inference of reckless misconduct on the part of the defendants, let alone actual knowledge of falsity or malevolence toward the plaintiffs. The erroneous information was obtained routinely from a normally reliable source, the Branford police department desk officer. At most it could be claimed that there had been insufficient checking of the details of this rather humdrum news story, a nonfeasance which would amount to no more than negligence. In *Moriarty* v. *Lippe,* supra, a jury verdict for a plaintiff, also a police officer, against a newspaper publisher under essentially similar circumstances was set aside and a verdict directed on remand. The same criteria involved in directing a verdict apply to a motion for summary judgment. On the facts presented by the affidavits, "viewed in the light most favorable to the nonmovant," the trier could not reasonably reach any other conclusion than that the plaintiff George Corbett, Jr., cannot prevail. *Spencer* v.

*Good Earth Restaurant Corporation,* 164 Conn. 194, 198. Accordingly, the motion for summary judgment is granted with respect to his claim.

The *New York Times* requirement of actual malice has been applied to defamation suits of "public figures" as well as to those of public officials. *Curtis Publishing Co.* v. *Butts,* 388 U.S. 130. In *Rosenbloom* v. *Metromedia, Inc.,* 403 U.S. 29, a plurality opinion of the United States Supreme Court applied the same standard to a defamatory statement made about a private individual when an "event of public or general interest" is involved. In *Gertz* v. *Welch,* 418 U.S. 323, 347, however, a majority of the court retreated from that position and ruled that, "so long as they do not impose liability without fault, the States may define for themselves the appropriate standard of liability for a publisher . . . of defamatory falsehood injurious to a private individual." Despite the invitation, the only state courts to consider the question so far have continued to adhere to the doctrine of *Rosenbloom* v. *Metromedia, Inc.,* supra, drawing no distinction between private individuals and public officials where events of public interest are involved. *Walker* v. *Colorado Springs Sun, Inc.,* 188 Colo. 86; *Aafco Heating & Air Conditioning Co.* v. *Northwest Publications, Inc.,* 162 Ind. App. 671. Since the Connecticut Supreme Court, however, has referred to the *New York Times* standard as "constitutionally compelled"; *Moriarty* v. *Lippe,* 162 Conn. 371, 378; it would be logical to revert to the prior law of this state now that the source of compulsion has been removed, so far as private individuals are concerned, by the decision in *Gertz* v. *Welch,* supra. The claims of the plaintiffs Eleanor Corbett and George Corbett III, therefore, would not be subject to the *New York Times* standard, because they are private individuals. The

affidavits filed would not preclude a finding of some degree of fault on the part of the defendants that would be compatible with the proviso of *Gertz* v. *Welch,* supra, that liability not be imposed without fault.

Although *Gertz* v. *Welch,* 418 U.S. 323, has rescued the claims of the plaintiffs Eleanor Corbett and George Corbett III from the imposition of the *New York Times* standard on which the claim of the plaintiff George Corbett, Jr., has foundered, the case also has erected a new hurdle to be surmounted by defamation plaintiffs, where proof is lacking of intentional prevarication or recklessness, by constitutionally restricting damages to "compensation for actual injury." Whether that obstacle can be successfully overcome by the still viable plaintiffs depends on what the term "actual injury" means. If it is to be equated with the term "actual damages," as used in the interrogatory which the plaintiffs have answered in the negative, their claims must also perish. "We need not define 'actual injury,' as trial courts have wide experience in framing appropriate jury instructions in tort action. Suffice it to say that actual injury is not limited to out-of-pocket loss. Indeed, the more customary types of actual harm inflicted by defamatory falsehood include impairment of reputation and standing in the community, personal humiliation, and mental anguish and suffering. Of course, juries must be limited by appropriate instructions, and all awards must be supported by competent evidence concerning the injury, although there need be no evidence which assigns an actual dollar value to the injury." *Gertz* v. *Welch,* supra, 350.

That rather vague guideline seems to mean that the plaintiffs Eleanor Corbett and George Corbett III might prove an actual injury to their reputation sufficient to support an award of dam-

ages, despite their admission of no "actual damages" capable of calculation in precise monetary terms to which the interrogatory probably was directed. Especially in view of the probable lack of awareness on the part of the plaintiffs of the significance of that response to the interrogatory in the light of *Gertz* v. *Welch,* supra, and the inconsistency of that response with the allegation of damages to reputation in the complaint, it would be unwise to attribute to that disclosure a greater import than was intended.

### III

The defendants also claim that the news article was not defamatory of George Corbett III, at least in the absence of special damages, because the actions described are attributed to a Dennis J. Corbett and because no crime of moral turpitude is involved. *Proto* v. *Bridegoprt Herald Corporation,* 136 Conn. 557, 566. The failure to name that plaintiff expressly is not significant, since it is probable that a substantial number of people might identify George Corbett III by the reference to his father. Prosser, Torts (4th Ed.) § 111, p. 749. The modern view of the "infamous crime" requirement is that it is sufficient that the crime be a chargeable offense which is punishable by imprisonment. A.L.I. Restatement of Torts § 571; Harper & James, Law of Torts § 5.10, p. 377. The acts described in the newspaper article in this case appear to support a charge of assault on a police officer in violation of General Statutes § 53a-167c or resisting a police officer in violation of General Statutes § 53a-167a, both of which are felonies.

Furthermore, the requirements that the defamatory words fall into one of the recognized categories —infamous crime, loathsome disease, incompetency in a trade, or female unchastity—in order to be admissible without proof of special damage does

not apply to libel as opposed to slander according to the general rule. Harper & James, op. cit. § 5.9, p. 374; Prosser, op. cit. § 112, p. 762. For that reason, the claim that the allusion to the plaintiff Eleanor Corbett in the article, which involves none of the slander per se stereotypes, is not actionable without proof of special damages is also unfounded. Although her maternal relationship to the offender would not in itself be defamatory, it is possible that her action in calling the police to deal with her son might be so regarded by some people.

It is clear that these questions cannot be resolved until trial.

The motion of the defendants for summary judgment is granted with respect to the plaintiff George Corbett, Jr., only.