[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff alleges that the defendants published false and malicious statements concerning his role as administrator and attorney of an estate. The statements in question were published on August 6, 1990, and the plaintiff requested a retraction on April 26, 1991.
General Statutes 52-237 provides in pertinent part that:
 In any action for libel . . . unless the plaintiff proves . . . that the defendant, after having been requested by him in writing to retract the libelous charge, in as public a manner as that in which it was made, failed to do so within a reasonable time, he shall recover nothing but such actual damage as he may have specially alleged and proved. (Emphasis added.)
Thus, 52-237 provides that the defendant must retract the libelous statement within a reasonable time after the plaintiff CT Page 1625 requests such a retraction.
This statute does not, as the media defendants argue, require the plaintiff to request a retraction of the statements within a reasonable time after they were published.
Therefore, their first argument cannot serve as a reason for striking the plaintiff's claim for punitive damages.
The media defendants' alternative ground for striking the plaintiff's claim for punitive damages is that the plaintiff fails to allege that the media defendants acted with "malice in fact."
"Malice in fact" involves "some improper or unjustifiable motive in publishing the article". Sandora v. Times Co.,113 Conn. 574, 582 note, 155 A. 819 (1931). "Malice might be inferred from the failure to make a reasonably careful investigation of the facts before publication." Corbett v. Register Publishing Co., 33 Conn. Sup. 4, 8, 356 A.2d 472
(Super.Ct. 1975), quoting Osborne v. Troupe, 60 Conn. 485, 493
(1891). See also Haxhi v. Moss, 25 Conn. App. 16, 19-20,591 A.2d 1275 (1991). "All the circumstances connected with the preparation and publication of the defamatory charges are to be considered and weighed in ascertaining whether the publication was made with malice in fact." Corsello v. Emerson Brothers, Inc., 106 Conn. 127, 133, 137 A. 390 (1927).
Even though the plaintiff fails to plead "malice in fact" on the part of the media defendants (i.e., that the media defendants failed to investigate the facts prior to publication), this failure cannot serve as grounds for striking the plaintiff's claim for punitive damages, as General Statutes52-237 provides that a plaintiff must prove "either malice in fact or that the defendant, after having been requested . . . in writing to retract the libelous charge . . . failed to do so. . . ." (Emphasis added.) Thus, since the plaintiff has alleged facts concerning the media defendants' failure to properly retract the allegedly libelous statements, his claim for punitive damages is legally sufficient.
Accordingly, the media defendants' motion to strike is denied.
LEHENY, JUDGE CT Page 1626