[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #201
The plaintiff has instituted this action against, inter alia,
Officer Edward Kelly and the City of Milford. The plaintiff, in his revised complaint of June 15, 1992, alleges the following facts On June 28, 1991 an individual named Kevin Schiff was arrested by the Milford police on larceny and drug charges and gave his name as Brian Houlihan, which wrongful information was entered into the record. On July 1, 1991 the plaintiff visited the Milford police department and corrected the erroneous information.
The plaintiff alleges, however, that Kelly "published and disseminated to the Milford Mirror newspaper erroneous, false, libelous, defamatory and inaccurate information that Brian Houlihan was arrested and charged with larceny and possession of drug paraphernalia." On July 18, 1991, the Milford Mirror published this misinformation, although the police had corrected their records on July 12, 1991. The plaintiff alleges that as a result he has suffered various injuries and damages.
In count one of the complaint the plaintiff alleges negligence on the part of the defendant, Kelly, and in count two recklessness on the part of Kelly. In count three the plaintiff alleges negligence against the City of Milford and in count four recklessness as against the City of Milford. Count five seeks indemnity from the City for the conduct of Kelly pursuant to Conn. Gen. Stat. §§ 7-465 and 7-101a with respect to negligence claims, and count six is brought pursuant to those statutes with respect to the claims of recklessness against Kelly. Count seven sounds in libel as against the defendant Kelly. Count eight seems to allege that the City is liable to indemnify itself pursuant to Conn. Gen. Stats. §§ 7-465 and7-101a.
On June 22, 1995, the City of Milford and Kelly filed a CT Page 13070 motion for summary judgment along with a memorandum of law and supporting documents. The plaintiff filed an objection on August 10, 1995, also accompanied by supporting documentation. The basis of the motion of the City and Kelly is that with respect to each count of the complaint they are shielded by the doctrine of governmental immunity. As to count seven, Kelly claims that he is entitled to summary judgment by virtue of the provisions of Conn. Gen. Stat. § 52-237. Each count warrants separate discussion.
In count one the plaintiff alleges that Kelly was negligent in failing to inspect the police department records prior to disseminating information to the Milford Mirror, failing to make a reasonably careful investigation of the facts prior to publication, and providing the newspaper with false, libelous and defamatory information. The plaintiff also alleges that Kelly failed to release a corrected report in a timely manner, released the false information prior to the verification of the arrestee's identity, and failed to prepare and issue a corrected press release.
With respect to count one, the defendant Kelly claims immunity on the basis that he was performing discretionary, governmental duties and thus cannot be held liable. If a public official, however, is performing a public duty, a breach of that duty may still result in liability if the act that he or she negligently performs is a ministerial act. Wright v. Brown,167 Conn. 464 (1975). Given the facts of this case as documented by the parties, a trier of fact might find that the conduct of Kelly in neglecting to contact the Milford Mirror as to the possible error as to the identify of Brian Houlihan was a ministerial act.
Additionally, even where a public official is performing a governmental function involving the exercise of discretion, there are exceptions to the doctrine of governmental immunity. One such exception is when it would be apparent to the public officer that his failure to act would be likely to subject an identifiable person to imminent harm. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 167 (1988). Under the facts of this case, the plaintiff personally appeared at the police station to correct a misidentification, and Kelly was made aware of that fact. In the opinion of the court, a trier might well find that under those circumstances the plaintiff was an identifiable person subject to imminent harm in the event of Kelly's failure to use reasonable care to prevent publication of erroneous information regarding the arrest in question. Therefore, as to count one of the CT Page 13071 complaint the motion for summary judgment must be denied. Likewise, as to count five which is against the City pursuant to Conn. Gen. Stats. §§ 7-465 and 7-101a, the motion for summary judgment must be denied.
Count three of the complaint, however, is a straight negligence claim against the City of Milford in which the plaintiff makes claims of direct negligence on its part and also claims relating to the training and supervision of the defendant Kelly. The operation of a municipal police department is clearly a discretionary, governmental function. Gordon v. BridgeportHousing Authority, supra, at p. 179. While there are certain exceptions to governmental immunity with respect to municipal employees, those exceptions do not apply to the municipality itself when performing a discretionary, governmental function.Ryszkiewicz v. New Britain, 193 Conn. 589, 593 (1984). Therefore, as to count three, the motion for summary judgment is granted.
Count two of the complaint incorporates the allegations of the first count and further alleges that "[t]he injuries and damages suffered by the plaintiff were caused by the recklessness of the defendant, Officer Edward Kelly. . . ."
Count four realleges paragraphs one through nine of the first count. It further alleges that the plaintiff's injuries were caused by the City' recklessness, "by and through its servants, agent and/or employees, particularly Edward Kelly in that it provided the said information to the newspaper . . . when it knew or should have known that said information was false and inaccurate" because the records were not properly examined and inspected, the facts were not properly investigated and that a corrected report or press release was neither issued nor made available in a timely manner.
There is a significant difference between negligence and reckless misconduct. Sheiman v. Lafayette Bank Trust Co.,4 Conn. App. 39, 45 (1985). Recklessness is "more than negligence, more than gross negligence." (Internal quotation marks omitted.) Id., 45-46. "Recklessness is a state of consciousness with reference to the consequence of one's acts. . . It requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man," and a defendant "must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make CT Page 13072 his conduct negligent. . . ." (Citations omitted, internal quotation marks omitted.) Id., 45. "The mere use of the words reckless and wanton is insufficient to raise an actionable claim of recklessness and wanton misconduct" (Internal quotation marks omitted.) Id., 46.
In his affidavit, Kelly states that his "failure to contact the Milford Mirror was an oversight[,]" and that he "did not intentionally or deliberately omit notifying the Milford Mirror nor did I deliberately supply false information about Brian Houlihan to the Milford Mirror." Officer Kelly had notified three of the four papers of the problem on July 2, 1991 and requested that the plaintiff's name not be published. Upon learning of his oversight, Kelly immediately contacted the Mirror and requested that a retraction be printed. These statements in Kelly's affidavit are uncontroverted by the plaintiff.
Based upon not only the allegations of the complaint but also on the uncontroverted facts presented by the defendant Kelly, the court believes that such facts fall well short of recklessness. Therefore, the motion for summary judgment is granted as to counts two, four and six.
Count seven realleges paragraphs one through nine of the first count, and it also alleges that "[t]he information disseminated and published by the defendant Officer Edward Kelly that Brian Houlihan was arrested and charged with larceny and possession of drug paraphernalia constitutes libel per se." The plaintiff also alleges that Kelly "acted maliciously" in failing to conduct a reasonably careful pre-publication investigation of the facts and by failing to release or make available a timely, correct report.
Conn. Gen. Stat. § 52-237 provides
 Damages in actions for libel. In any action for a libel the defendant may give proof of intention; and unless the plaintiff proves either malice in fact or that the defendant, after having been requested by him in writing to retract the libelous charge, in as public a manner as that in which it was made, failed to do so within a reasonable time, he shall recover nothing but such actual damages as he may have specially alleged and proved. CT Page 13073
It appears to be undisputed that the plaintiff has suffered no actual damages. Additionally, it is not alleged by the plaintiff, nor does it appear to be the fact, that there was a written request by the plaintiff for a retraction. Thus, in order to prevail on the seventh count of the complaint, the plaintiff must prove malice on the part of Officer Kelly. Malice in fact does not require proof of intent to injure, hatred, or ill-will, but does require proof that the false publication is activated by an improper or unjustifiable motive. Corsello v. EmersonBrothers, Inc., 106 Conn. 127, 132 (1927).
According to the uncontroverted affidavit of the defendant Kelly, he prepared the initial press release on the morning of July 1, 1991 which went to four newspapers. Officer Kelly was made aware of the plaintiff's statement of July 1, 1991 on July 2, 1991, at which time he immediately contacted three of the four papers which agreed to his request not to print the name of the plaintiff. Kelly's failure to also notify the Milford Mirror was an admitted oversight. Upon being informed by the plaintiff on July 19, 1991 that his name had appeared in the Milford Mirror, Kelly immediately arranged for a retraction. Prior to July 1, 1991, Kelly claims he did not know the plaintiff and did not intentionally supply false information to the Milford Mirror.
The plaintiff has not contradicted the affidavit of Kelly nor supplied any facts from which the trier of fact might infer malice on the part of the defendant Kelly. This is not a situation such as that in Corbett v. Register Publishing Co.,33 Conn. Sup. 4 (1975), where it was alleged that information was published without a reasonably careful investigation of the facts. Here there was no investigation to be done by Kelly, he had notified three newspapers that the plaintiff's name should not be published, he neglected to notify the fourth. Kelly's immediate request for a retraction upon his learning of his mistake, negates any inference of malice. See Peterson v. City ofMitchell, 499 N.W.2d 911, 916-917 (S.D. 1993).
Therefore, as to the seventh count of the complaint, the motion for summary judgment is granted.
In the eighth count, the plaintiff appears to somehow alleging that under Conn. Gen. Stats. §§ 7-465 and 7-101a the City has the duty to indemnify itself if it is found liable under counts three or four. Obviously, those statutes deal only with indemnity relating to the liability of a specific municipal CT Page 13074 employee or officer which the plaintiff has covered in other counts in the complaint. Therefore, the motion for summary judgment is granted as to count eight.
In summary, the motion for summary judgment filed by the City of Milford and Officer Edward Kelly is denied as to counts one and five, and granted as to counts two, three, four, six, seven, and eight.
Bruce W. Thompson, Judge