[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE #105
CT Page 9147
The plaintiff, Arthur Hueblein, brings this two-count complaint against the defendant, Michelle Burgess, for slander per se (first count) and nuisance (second count). In his complaint, the plaintiff alleges that the defendant "made and published by means of oral communication, statements . . . charging the plaintiff with a crime of moral turpitude, to the effect that the plaintiff deliberately drove on her lawn with the intention of killing her dog." Revised Complaint, First Count ¶ 3. The defendant moves to strike the first count on the ground that the plaintiff does not allege that the defendant charged the plaintiff with committing a crime of moral turpitude or to which an infamous penalty is attached.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted. . . . [W]e must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates,244 Conn. 269, 270-71, 709 A.2d 558 (1998).
The defendant argues that, at best, the plaintiff alleges that the defendant charged the plaintiff with committing a trespass or assault upon an animal. Citing Moriarty v. Lippe,162 Conn. 371, 383, 294 A.2d 326 (1972), the defendant correctly points out that trespass and assault do not amount to crimes of moral turpitude or to which an infamous penalty is attached. In response, however, the plaintiff argues that the Moriarty v.Lippe, supra, rule has been replaced by the "modern rule" which holds that the crime charged need only have been punishable by imprisonment. In addition, the plaintiff argues that the complaint should broadly be construed so as to state that the defendant charged the plaintiff with either: (i) committing an act of cruelty toward animals, see General Statutes § 53-247;[1]
or (ii) unlawfully killing or injuring a dog, see General Statutes § 22-351,[2] which, he argues, both constitute crimes of moral turpitude or to which an infamous penalty attaches.
"Libel or slander is . . . actionable per se if it charges a CT Page 9148 crime involving moral turpitude or to which an infamous penalty is attached." Miles v. Perry, 11 Conn. App. 584, 602,529 A.2d 199 (1987). "The modern view of this requirement is that the crime be a chargeable offense which is punishable by imprisonment." Battista v. United Illuminating Co.,10 Conn. App. 486, 493, 523 A.2d 1356, cert. denied, 204 Conn. 802,525 A.2d 965 (1987), citing Corbett v. Register Publishing Co.,33 Conn. Sup. 4, 13, 356 A.2d 472 (1975); 2 Restatement (Second), Torts § 571 (1988). "Whether words are actionable per se is a question of law for the court. . . . All of the circumstances connected with the publication of defamatory charges should be considered in ascertaining whether a publication was actionable per se. The words used, however, must be accorded their common and ordinary meaning, without enlargement by innuendo." (Citations omitted.)Miles v. Perry, supra, 11 Conn. App. 602. "When the defamatory words are actionable per se, the law conclusively presumes the existence of injury to the plaintiff's reputation. He is required neither to plead nor to prove it." (Internal quotation marks omitted.) Torosyan v. Boehringer Ingelheim Pharmaceuticals, Inc.,234 Conn. 1, 35, 662 A.2d 89 (1995).
In Moriarty v. Lippe, supra, our Supreme Court narrowly held, as a matter of law, that the crime of assault, although punishable by imprisonment, "lack[s] in the element of moral turpitude," and therefore, cannot form the basis of a charge that is slanderous per se. Moriarty v. Lippe, supra, 162 Conn. 383. The Moriarty v. Lippe decision, however, pre-dates Battista v.United Illuminating Co., supra, and is squarely at odds with the "modern view," which only requires that the charged crime be punishable by imprisonment. Indeed, under the modern view, the charge made by the defendant in Moriarty v. Lippe would be actionable per se because assault was punishable by imprisonment.
This court, therefore, is faced with conflicting appellate authority as to whether the crime of assault could ever form the basis for a slanderous charge per se. In this court's view, however, it is apparent that the appellate courts favor adoption of the modern view. Accordingly, if the complaint is read so as to allege that the defendant charged the plaintiff with committing crimes which warrant imprisonment, then as a matter of law, it is legally sufficient.
The plaintiff urges this court to read his complaint so as to allege that the defendant's statement, in addition to charging assault, charges the plaintiff with having committed cruelty to CT Page 9149 animals in violation of General Statutes § 53-247, and unlawfully inflicting injury to animals in violation of General Statutes §22-351. All of these crimes warrant punishment by imprisonment. In addition, cruelty toward animals is a crime of moral turpitude. See 39 A.L.R.2d 1388 (annotations therein). Therefore, if this court concludes that the plaintiff's allegations, when read in light of the attending circumstances, indicate that the defendant charged the plaintiff with the commission of one of these crimes, then the motion to strike must be denied.
According to the plaintiff, the defendant's slanderous statement occurred when the defendant "charg[ed] the plaintiff with a crime of moral turpitude, to the effect that the plaintiff drove on her lawn with the intention of killing her dog." Revised Complaint, First Count ¶ 3. The plaintiff expressly incorporates in this allegation a Town of Stonington Police Report in which the defendant reported to the police officer that the plaintiff "partially drove on her lawn almost striking her dog." The defendant also reported to the police officer that the plaintiff's actions were deliberate.
This court interprets the alleged slanderous words using their common and ordinary meaning as having charged the plaintiff with committing an assault upon the defendant's dog with his vehicle. Although our criminal assault statutes, see § 53a-59 et seq., do not proscribe assault upon animals, the alleged slanderous statement may be read as having charged the plaintiff with violating one of the applicable animal cruelty statutes, §§53-247 or 22-351.
Section 22-351 proscribes the "unlawful" killing or injuring of dogs. Because the allegations do not state expressly, or by any reasonable implication, that the defendant charged the plaintiff with physically injuring or killing her dog, the court finds that the defendant did not charge the plaintiff with violating § 22-351.
The plain language of General Statutes § 53-247 proscribes conduct which amounts to cruelty toward animals, ie. torture. Reading the plaintiff's allegations in a light most favorable to sustaining their legal sufficiency, this court concludes that the alleged slanderous statement may be reasonably interpreted as having charged the plaintiff with "torturing" the defendant's dog in violation of § 53-247. Such a statement, therefore, charges the plaintiff with having committed a crime of moral turpitude or CT Page 9150 to which an infamous penalty is attached.
The court finds that the plaintiff's allegations are legally sufficient to state a cause of action for slander per se, and accordingly, denies the defendant's motion to strike.
Martin, J.