[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
Pursuant to Connecticut Practice Book § 10-39, et. seq., defendants have brought a motion to strike counts two through seven of the plaintiff's amended complaint on the grounds the plaintiff has not alleged claims upon which relief can be granted.
Count one of the plaintiff's complaint alleges breach of contract/warrantee. Count two and three of the plaintiff's complaint allege slander per se and counts four and five allege libel per se. Count six alleges the intentional infliction of emotional distress, and count seven alleges a violation of the Connecticut Unfair Trade Practices Act, ("CUTPA").
 FACTS
On several occasions between August 8, 1997, and August 14, 1997, the plaintiff brought his motor vehicle to defendant Monro Muffler for the repair of his right and left front calipers which were covered under a "limited lifetime guarantee" which covered the repair of those parts as long as the ownership of the car was not transferred. On each occasion when the plaintiff arrived for scheduled appointments, he was told that the necessary parts were unavailable and that an additional appointment was required. On August 14, the plaintiff left Monro Muffler frustrated and upset. Following the plaintiff's departure, defendant Mark Cross, an employee of Monro Muffler, telephoned the Glastonbury Police Department reporting that the plaintiff was driving his motor vehicle while under the influence of alcohol. Subsequently, Mr. Cross filed a complaint charging the plaintiff with driving his motor vehicle under the influence of alcohol. The plaintiff is a Hartford Police Officer.
 DISCUSSION
CT Page 15586
Count six, alleging intentional infliction of emotional distress, and count seven, alleging a CUTPA claim, were addressed in a memorandum of decision by Judge Fineberg on October 22, 1998. That memorandum denied the motion to strike each of the counts. The plaintiff admits that it is reasserting its motion to strike in accordance with the doctrine of Wilson v. Hryniewicz,38 Conn. App. 715, 719 (1995). In accordance with Wilson the defendants have renewed their motion in order to preserve their right to appeal the Court's earlier decision.
Count seven, the CUTPA count, while renewed to preserve appeal rights under the doctrine of Wilson has also been renewed relying on Reader v. Cassarino, 51 Conn. App. 292 (1998), a case decided after Judge Fineberg's October 22, 1998 ruling.
This Court finds Judge Fineberg's opinion to be the law of the case on the sufficiency of the CUTPA count. The Court is not convinced that Reader so clearly changes existing law that count seven should be revisited.
The motion to strike is denied as to counts six and seven.
Defendants claim that count two should be stricken because Mr. Cross' statement does not constitute slander per se as a matter of law. Defendants move to strike count three claiming that driving while intoxicated is not a crime involving moral turpitude. Defendants object to count four claiming that the count does not constitute libel per se as a matter of law. Finally, defendant moves to strike to count five claiming that driving while intoxicated is not a crime of moral turpitude.
Although our law recognizes some distinctions between libel per se and slander per se, those distinctions do not seem to be material to the present issues facing this Court.
Whether a publication is libelous per se [or slanderous per se] is a question for the court and must be determined upon the facts of the publication itself Battista v. United IlluminatingCompany, 10 Conn. App. 486, 491-492 (1987).
There are two general classes of libel which it is generally recognized are actionable per se. These are (1) libel charging crimes; and (2) libel which injure a man in his profession and calling. Proto v. Bridgeport Herald Corp., 136 Conn. 557, 565
CT Page 15587 (1950). Battista, supra 492. "To fall within the category of libels that are actionable per se because they charge crime, the libel must be one which charges a crime which involves moral turpitude, or to which an infamous penalty is attached." Proto,
supra 566. The modern view of this requirement is that the crime must be a chargeable offense which is punishable by imprisonment.Battista, supra 493.
The real dispute between the parties in the instant action centers on the question of whether the plaintiff's complaint states a cause of action for libel per se and/or slander per se. This dispute brings before the Court two appellate authorities.
In Moriarty v. Lippe, 162 Conn. 371 (1972), the plaintiff accused the defendant of assault which was punishable by imprisonment for not more than one year or a fine of not more than $500.00. The Supreme Court held:
 "Such a crime, involving no moral turpitude, is not an infamous crime under any of the definitions of that term [citations omitted].
 We conclude then that, as a matter of law, the utterance involved here, even if false, does not charge a crime which constitutes a slander actionable per se."
Moriarty at 383, 384.
In Moriarty a female plaintiff had complained about rough treatment received at the time of an arrest by a male police officer. The court reasoned that her complaints about the officer to his superiors could be viewed as a claim of assault.
In Battista the court viewed United Illuminatings alleged libel or slander of Battista as falling within the legislative definition of theft of services in the third degree, a Class D felony, punishable by one to five years imprisonment.
The Appellate Court in Battista wrote:
 "The modern view of this requirement is the crime be a chargeable offense which is punishable by imprisonment. See Corbett v. Register Publishings Company, 33 Conn. Sup. 4, 13, 356 A.2d 472 (1975): Battista, supra at 493.
CT Page 15588
In the instant case the defendants could be viewed as accusing the plaintiff of operating under the influence of alcohol pursuant to the provisions of § 14-227 (a)(h). A first conviction for this offense carries a penalty of not less than $500.00 nor more than $1,000.00 and imprisonment for not more than six months, 48 consecutive hours of which may not be suspended, with certain other provisions relating to special types of probation.
In a recent Superior Court case Heublein v. Burgess,25 Conn. L. Rptr. 1, 6, September 6, 1999, the court reviewed the holdings in Moriarty and Battista and then wrote:
 "This court, therefore, is faced with conflicting appellate authority as to whether the crime of assault could ever form the basis for a slanderous charge per se.
 In this court's view, however, it is apparent that the appellate courts favor adoption of the modern view. Accordingly, if the complaint is read so as to allege that the defendant charged the plaintiff with committing crimes which warrant imprisonment, then as a matter of law it is legally sufficient"
In Heublein, the plaintiff alleged that the defendant charged the plaintiff with committing a trespass or perhaps with assault upon an animal. The trial court agreed that neither of these crimes involved moral turpitude or an infamous penalty.
Like the Heublein court, this Court is faced with an attempt to reconcile the holding in Moriarty with the holding inBattista. However, this Court notes that Moriarty, while the earlier case, is a Supreme Court opinion while Battista, while a later case, is an Appellate Court opinion. The Court sees little difference between the punishments available in Moriarty and the punishments available in the instant action. While it may be true that Battista represents the more modern view, this Court fails to find any authority which overrules the Supreme Court holding in Moriarty.
Moreover, although the reasoning was somewhat different, in the previous motion to strike in that matter the court ruled with regard to libel or slander per se "Count two is insufficient to allege a claim of libel per se." CT Page 15589
The court concludes that the claimed slander or libel charges specific acts not general incompetence. The statement does not directly implicate the plaintiff's professional competence. A violation of 14-227a is not a crime involving moral turpitude.
The court applies the standard set forth in Moriarty.
Counts two through five are insufficient to allege a claim of libel per se or slander per se.
The motion to strike is denied or to counts six and seven, as to counts two through five the motion is granted.
By,
Kevin E. Booth, J.