ONE FAWCETT PLACE LIMITED PARTNERSHIP *v.* DIAMANDIS COMMUNICATIONS, INC.
(8647)

DALY, O'CONNELL and CRETELLA, Js.

Argued September 27, 1990—decision released April 30, 1991

*Marshall Goldberg,* for the appellant (plaintiff).

*Linda Lederman,* with whom was *Stuart A. Epstein,* for the appellee (defendant).

PER CURIAM. The plaintiff appeals from the trial court's denial of its application for a prejudgment remedy.

Our review of the record, transcripts, oral decision of the court and briefs clearly indicates that the trial court did not follow the definition of civil probable cause as set forth in *Ledgebrook Condominium Assn., Inc.* v. *Lusk Corporation,* 172 Conn. 577, 583, 376 A.2d 60 (1977), and *Three S. Development Co.* v. *Santore,* 193 Conn. 174, 175, 474 A.2d 795 (1984). That definition has not changed since our Supreme Court enunciated in *Wall* v. *Toomey,* 52 Conn. 35, 36 (1884), that civil probable cause constitutes "a *bona fide* belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it." (Emphasis in original.) "The purpose of a hearing is to satisfy the constitutional due process right that parties whose property rights are to be affected are entitled to be heard 'at a meaningful time and in a meaningful manner.' " *Ledgebrook Condominium Assn., Inc.* v. *Lusk Corporation,* supra. "The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim." Id., 584.

The transcript reveals that in several instances the court focused on the plaintiff's ultimate success in a trial on the merits. As set forth in *Ledgebrook* and *Three S.,* whether the plaintiff will ultimately prevail after a full hearing is not an element of the legal definition of civil probable cause. The court need determine only whether there is probable cause that judgment will be rendered for the plaintiff.

The judgment is reversed and the case is remanded for a new hearing to determine whether a prejudgment remedy should be issued.