## Patty Haxhi et al. *v.* Sarah E. Moss
### (8821)

O'Connell, Norcott and Landau, Js.

Argued March 28—decision released June 11, 1991

*William J. Goggin, Jr.,* for the appellants-appellees (plaintiffs).

*Patrick J. O'Connell,* for the appellee-appellant (defendant).

NORCOTT, J. The plaintiffs in this libel action, Patty and Ben Haxhi, doing business as Patty's Pantry, appeal from the granting of the defendant's motion to dissolve or modify an ex parte prejudgment attachment. The plaintiffs challenge the trial court's finding that there was insufficient evidence to establish probable cause that the defendant had acted with malice in fact. The defendant has cross appealed, claiming that the trial court improperly determined that her challenged statement (1) was not protected by the constitutional guarantee of free speech and (2) accused the plaintiffs of dealing drugs.

The trial court could reasonably have found the following facts. On August 10, 1989, the defendant sent a letter to Carol Herskowitz, first selectperson for the town of Southbury. In her letter, the defendant complained of government inaction with respect to garbage pickup and the enforcement of zoning laws near Patty's Pantry. She also stated that "[m]any locals freely admit with a shrug that Patty's Pantry is the local spot to get your drugs since everyone going in and out makes it difficult to monitor. . . . It's supposed to be a convenience store, but I don't think that the availability of drugs within a block of the high school is what the term 'convenience store' is supposed to mean." The defendant sent a copy of this letter to Voices, a local newspaper, which published the letter on its "Letters to the Editor" page on August 16, 1989.

The plaintiffs brought this libel action in two counts by a complaint dated August 21, 1989. On August 22, 1989, the plaintiffs obtained an ex parte prejudgment remedy to attach the defendant's real property at 151 Reservoir Road, Southbury, in the amount of $150,000. The defendant moved to modify or dissolve the prejudgment attachment on October 13, 1989.[1] The trial court

---

[1] In her motion, the defendant requested only that the prejudgment attachment be dissolved. She was allowed orally to amend her motion after the hearing to seek, in the alternative, a modification.

held a hearing at which it received evidence and heard testimony from both of the plaintiffs and from the defendant. The court concluded that the plaintiffs had failed to meet their burden of showing probable cause that the defendant had acted with malice in .fact, thus limiting their recovery to actual damages.[2] The court therefore reduced the plaintiffs' prejudgment attachment to $7500. In an articulation filed on July 2, 1990, the court, citing *Moore* v. *Stevenson,* 27 Conn. 14 (1858), defined malice in fact as "improper or unjustifiable motives indicative of ill will or an intent or desire to injure."

## I

### THE APPEAL

The plaintiffs claim, in essence, that the trial court improperly defined malice in fact in terms of "ill will or an intent or desire to injure." We agree.

In acting on a prejudgment remedy motion, the trial court " 'must evaluate the arguments and evidence produced by both parties" to determine whether there is probable cause to sustain the validity of the plaintiffs' claim. *Augeri* v. *C. F. Wooding Co.,* 173 Conn. 426, 429, 378 A.2d 538 (1977); *L. Suzio Concrete Co.* v. *Salafia,* 3 Conn. App. 404, 488 A.2d 1280 (1985); General Statutes § 52-278d (a). The court should not, however, make a full and final decision on the plaintiffs' claim, as "[t]he hearing in probable cause for the issuance of a prejudg-

---

[2] General Statutes § 52-237 provides: "In any action for a libel the defendant may give proof of intention; and unless the plaintiff proves either malice in fact or that the defendant, after having been requested by him in writing to retract the libelous charge, in as public a manner as that in which it was made, failed to do so within a reasonable time, he shall recover nothing but such actual damage as he may have specially alleged and proved." It is undisputed that in this case the plaintiffs not only failed to request a retraction but in fact refused the defendant's offer to have a retraction published. Therefore, under this statute, the plaintiffs must prove that the defendant acted with malice in fact to recover general damages.

ment remedy is not contemplated to be a full scale trial on the merits . . . ." *Three S. Development Co.* v. *Santore,* 193 Conn. 174, 175, 474 A.2d 795 (1984); *Augeri* v. *C. F. Wooding Co.,* supra. Instead, the trial court, vested with broad discretion, need determine only the likely success of the plaintiffs' claim by weighing probabilities. *Three S. Development Co.* v. *Santore,* supra, 176.

This court's role in reviewing the trial court's ruling on a prejudgment remedy motion is limited. "It is not to duplicate the trial court's weighing process, but rather to determine whether its conclusion was reasonable. 'In the absence of clear error, this court should not overrule the thoughtful decision of the trial court, which has had an opportunity to assess the legal issues which may be raised and to weigh the credibility of at least some of the witnesses.' [*Augeri* v. *C. F. Wooding Co.,* supra, 429.]" Id.

The trial court in this case clearly used an improper standard to find that there was no probable cause that the defendant had acted with malice in fact. Since 1858, Connecticut courts have defined malice in fact as any improper or unjustifiable motive. *Bleich* v. *Ortiz,* 196 Conn. 498, 504, 493 A.2d 236 (1985); *Proto* v. *Bridgeport Herald Corporation,* 136 Conn. 557, 564, 72 A.2d 820 (1950); *Corsello* v. *Emerson Bros., Inc.,* 106 Conn. 127, 132, 137 A. 390 (1927); *Hassett* v. *Carroll,* 85 Conn. 23, 37, 81 A. 1013 (1911); *Wynne* v. *Parsons,* 57 Conn. 73, 80, 17 A. 362 (1889); *Hotchkiss* v. *Porter,* 30 Conn. 414, 421 (1862); *Moore* v. *Stevenson,* supra, 28. Malice in fact has never been construed to require proof of "personal pique, ill will [or] hatred" on the part of a perpetrator of a libel. *Moore* v. *Stevenson,* supra, 27. It can also be proved by "conduct evincive of similar feelings or motives, as if the publication was at the time known to be false, or made without authority, or such authority as would be regarded as entitled to credence

among upright and careful men, or manifesting an entire indifference whether the charge is true or false . . . . " Id., 28–29. The trial court in this case, therefore, clearly erred when it limited its definition of malice in fact to acts indicative of "ill will or an intent or desire to injure." Accordingly, we reverse the judgment of the trial court and remand the case for a new hearing on the defendant's motion.

## II

### THE CROSS APPEAL

In her cross appeal, the defendant claims that the trial court improperly found that her challenged statement (1) was not protected by the constitutional guarantee of free speech regarding fair comment on a matter of public concern and (2) accused the plaintiffs individually and personally of dealing drugs. Although we are remanding the case on the plaintiffs' appeal, we address these issues because they may recur on rehearing.

As noted above, the trial court, ruling on a prejudgment remedy motion, is vested with broad discretion in determining the probable success of the plaintiffs' claim. *Three S. Development Co.* v. *Santore,* supra, 176. In so doing, the court must evaluate not only the plaintiffs' claim but also any defenses raised by the defendant. *Augeri* v. *C. F. Wooding Co.,* supra, 429. This is because "a good defense . . . will be enough to show that there is no 'probable cause that judgment will be rendered in the matter in favor of the plaintiff.' " Id. We will reverse the trial court's decision on a prejudgment remedy motion only in cases of clear error. Id.

The trial court in this case properly considered both the plaintiffs' claim and the defenses presented in weighing the probability that the plaintiffs' claim would succeed. We find that the court's evaluation of the

defendant's arguments was not clearly erroneous and therefore affirm the judgment of the trial court on the defendant's cross appeal.

The judgment of the trial court is reversed as to the issue raised on the appeal and the case is remanded for a new hearing in accordance with this opinion. The judgment of the trial court is affirmed as to the issues raised on the cross appeal.

In this opinion the other judges concurred.