[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISSOLVE PREJUDGMENT REMEDY
Plaintiff obtained an ex parte attachment of defendant Susan Kosloff's real property claiming that her husband, defendant Peter Kosloff, owed plaintiff money on certain promissory notes and that Peter had fraudulently conveyed his interest in the property to Susan.
Defendant Susan Kosloff moved to dissolve the prejudgment remedy claiming that there was no probable cause to sustain the validity of plaintiff's claim and that in any event, the transfer was not fraudulent.
Connecticut General Statutes 52-278e(c) provides, in relevant part:
 If the court determines at such hearing [on the motion to dissolve] requested by the defendant that there is probable cause to sustain the validity of the plaintiff's claim, then the prejudgment remedy granted shall remain in effect. If the court determines there is no such probable cause, the prejudgment remedy shall be dissolved.
The court in a probable cause hearing must weigh and consider all of the evidence, including any defenses raised by the defendant. Haxhi v. Moss, 25 Conn. App. 16, 20 (1991).
Plaintiff's claim arises out of a sale of a liquor store business by him to defendant Peter Kosloff. Defendant Peter Kosloff executed two promissory notes totaling $122,000.00 as part payment of the $210,000.00 purchase price.
Plaintiff claims those notes are in default and defendant claims fraud in the sales transaction as a defense to the action on the notes. CT Page 2376
Evidence was put on by the defendants that a large part of the stock was removed after the inventory was taken and that the gross receipts of the liquor store were bolstered prior to contract by depositing receipts from another store owned by plaintiff into the account of the subject liquor store. There was also testimony that the hard disk drive in the computer system was removed by plaintiff prior to sale.
All of the testimony at the hearing came from the defendants and two witnesses put on by defendants. Plaintiff put defendants on as hostile witnesses and put documents into evidence.
In considering all the evidence adduced, the court cannot find probable cause. There is no need to consider the issue of fraudulent conveyance.
The motion to dissolve is granted.
E. EUGENE SPEAR, JUDGE