[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISCHARGE LIS PENDENS
Plaintiff placed a lis pendens on the land records in the Town of Stratford, Connecticut against property known as the Ramada Inn on Lordship Boulevard in Stratford. The complaint in the action alleges that defendant breached a certain hotel management agreement whereby plaintiff undertook to manage the hotel for the defendant owner.
Defendant moved to discharge the lis pendens on two CT Page 11002 grounds:
1. Plaintiff's action does not affect any interest in real property; therefore, lis pendens is not available under the statutes.
2. Even if the court were to hold that the lis pendens was proper, there is no probable cause because defendant has a complete defense to the claim.
 I. THIS ACTION IS INTENDED TO AFFECT REAL PROPERTY; THEREFORE, THE LIS PENDENS WAS PROPER
Defendant argues that plaintiff's claim is simply for money damages resulting from an alleged breach of contract and no interest in the real property can possibly be effected Connecticut General Statutes 52-325 states in relevant part:
 (a) In any action in a court of this state . . . (1) the plaintiff, or his attorney, at the time the action is commenced or afterwards . . . if the action is intended to affect real property may cause to be recorded in the office of the town clerk of each town in which the property is situated, a notice of lis pendens, . . . .
 (b) As used in this section, actions "intended to affect real property" means . . . (3) actions which may affect in any manner the title to or interest in real property, notwithstanding the main purpose of the action may be other than to affect the title of such real property. [Emphasis supplied.]
Defendant relies on Connecticut General Statutes52-325d in support of its motion. That statute states in relevant part:
 In any action in which (1) a notice of lis pendens was recorded which is not intended to affect real property, . . . any interested party may file a motion requesting the court to discharge the recorded notice of lis CT Page 11003 pendens.
Plaintiff offered the management contract in evidence (plaintiff's exhibit A) and argued that Article 10, Section 10.4 makes this claim one which may affect such a real property interest. That article states:
 Section 10.4 Owner's Liability In any action under this Agreement, Owner shall not be personally liable to manager and any judgment or decree shall be enforceable against owner only to the extent of Owner's interest in the Hotel and no such judgment shall be the basis of execution on Owner, its officers, directors, or stockholders other than Owner's interest in the Hotel. [Emphasis supplied.]
Plaintiff argues that this language limits any recovery it might obtain to satisfaction from the defendant's interest in the hotel; therefore, this indeed is an action which may affect the defendant's interest in the land.
Defendant owner makes a twofold argument against this claim, the first of which merits little discussion.
Defendant argues that the "hotel" by definition in the contract consists only of personal property separate and apart from the land on which the hotel sits. The contract language on which defendant relies is as follows:
 WHEREAS, the owner shall be the owner of the following described property, situate, lying and being in the Town of Stratford, County of Fairfield, State of Connecticut, to wit: [legal description of land] (hereinafter sometimes referred to as the "Land"), upon which is situated a hotel together with all existing furniture, fixtures, machinery, appliances, operating equipment, books, records, and other personal property used in the operation of the Hotel (the "Hotel") having the following specifications:
145 room, Ramada, full service Hotel. CT Page 11004
It is clear that the language describes the hotel as including the described personal property as well as the building itself. Defendant's claim at page 17 of its brief that the word hotel "is the collection of `furniture, fixtures, . . . and other personal property' located upon the `land'" flies in the face of the language of the contract itself. It is also contrary to the basic legal principle that a permanent building upon the land becomes a part of the real property.
Defendant's second argument is more persuasive, however, not convincing. Defendant contends that the language of 10.4 makes the hotel interest available for satisfaction of any judgment but the action itself cannot affect the owner's interest in the land. Defendant further contends that plaintiff would not be able to "secure" any judgment by way of the lis pendens filing.
Defendant's arguments call for a very narrow and restrictive reading of Connecticut General Statutes 52-325. The language of that statute, however, is very broad. An action affects real property if it in any manner affects any interest at all in real property. Secondly, lis pendens is notice to the world of the lawsuit even though it is not in and of itself a lien on the property. This notice enables subsequent parties to investigate and determine how to deal with the subject property.
Section 10.4 of Article 10 of the contract calls for execution only against the owner's interest in the land. Such execution to obtain satisfaction of any judgment plaintiff might obtain is a part of the lawsuit process. Under Connecticut General Statutes 52-330a(c) "a judgment lien on real property may be foreclosed or redeemed in the same manner as mortgages on the same property."
At the time the lis pendens was filed the defendant was the owner of the subject property. The lawsuit is based on a claimed breach of an agreement which makes that very same property specifically available for satisfaction of any judgment resulting from such a lawsuit. Garcia v. Brooks Street Associates, 209 Conn. 15, 22 (1988) states:
 From the face of the statute it is clear that a notice of lis pendens is appropriate only where the pending action will in some CT Page 11005 way, either directly or indirectly, affect the title to or an interest in the real property itself. [Emphasis supplied.]
The owner's interest in the property was certainly indirectly affected. At the time the lis pendens was filed, the land was subject to an eventual judgment lien and foreclosure based on the agreement itself. The instant lawsuit was intended to affect an interest in real property and meets the requirements of Connecticut General Statutes 52-325.
II. PLAINTIFF HAS NOT ESTABLISHED PROBABLE CAUSE
Connecticut General Statutes 52-325a(c) allows a property owner subject to a lis pendens to move at any time that the notice of lis pendens be discharged. Under Connecticut General Statutes 52-325b(a) the burden of establishing probable cause at the hearing on such motion is upon the plaintiff. In considering probable cause the court must weigh and consider all of the evidence, including any defenses raised by the defendant. Haxhl v. Moss, 25 Conn. App. 16, 20 (1991).
Article 9 (b) of the contract between the parties reads as follows:
 Termination — Foreclosure, Deed in Lieu. If a foreclosure, deed in lieu, or other real estate transaction transfers title to Union Trust, Union Financial Services Corporation, or any subsequent mortgages then this Management Agreement shall be terminated and neither party shall have any obligation to the other; provided, however, this paragraph shall not apply if the Owner or any of its shareholders, officers, or directors maintains any interest, direct or indirect, in the Hotel.
Defendant put on evidence that the mortgage loan was in default and a deed in lieu of foreclosure was in fact given to Union Financial Services Corporation. (Defendant's exhibit one.) There was no evidence that the defendant retained any interest whatever in the premises after that deed was given.
It is clear from all of the evidence that Article 9 CT Page 11006 (b) was intended to eliminate any liability by either party to the other in the event of a foreclosure or a deed in lieu of foreclosure. Based upon this evidence, the court cannot find probable cause to sustain the validity of the plaintiff's claim.
The motion to discharge the lis pendens is granted.
E. EUGENE SPEAR, JUDGE