[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR PREJUDGMENT REMEDY
The plaintiff instituted the present action seeking to set aside, as a fraudulent conveyance, the transfer of property from the defendant William R. Bowles to his wife the defendant, Debby J. Bowles, and seeks a prejudgment remedy in the form of an attachment upon the property to secure sums claimed to be due to it.
In November of 1987, the defendants purchased property now known as 56 Penny Lane in Woodbridge, Connecticut. In April of 1988, an application filed by the defendant William Bowles was approved by the plaintiff for the extension of credit for materials to be utilized in the construction of a home on the Penny Lane property. The application for the extension of credit indicates that the property was jointly owned and had a fair market value of $235,000, which is the purchase price listed on the deed, and was not subject to a mortgage loan. Over the ensuing months the defendants expended considerable personal effort and considerable CT Page 10024 sums of money in constructing a custom design home consisting of 4400 square feet with a three car garage. By the summer of 1990, disputes had arisen between the parties with respect to the amount owed by the defendants to the plaintiff and with respect to the quality of the materials furnished by the plaintiff and negotiations to resolve that dispute had ended unsuccessfully, in the fall of 1990. Under circumstances hereinafter set forth, William Bowles quitclaimed his interest in the Penny Lane property to his wife Debby Bowles by a deed dated January 11, 1991 and recorded January 15, 1991.
In January of 1991, the plaintiff instituted suit against William Bowles seeking to recover sums claimed to be due to it. The action was initiated by the filing, on January 18, 1991, of an application for a prejudgment remedy which was served upon the defendant William Bowles on February 3, 1991. The requested attachment of the property of William Bowles was granted by the court on February 11, 1991 but could not be effectuated due to the transfer of the property as hereinbefore set forth. The case against William R. Bowles was ultimately tried and a judgment was entered in favor of the plaintiff in the amount of $17,089.04 plus costs, which remains unsatisfied. After the filing of the report by the attorney trial referee the plaintiff initiated the present proceeding.
Under our law, probable cause constitutes "a bona fide belief in the existence of facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it. . . . The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim." (Internal quotation marks and citations omitted.) One Fawcett Place Limited Partnership v. Dimandis Communications, Inc.,24 Conn. App. 524, 525 (1991).
The defendants assert that the transfer of the property was the result of an agreement made between them in January of 1990 when they were experiencing marital difficulties which were exacerbated by the problems relating to the construction of the house. The defendants testified that the house, and the work relating to it, was becoming a burden and that Mrs. Bowles wanted to sell the property while Mr. Bowles wanted to refinance the project and continue working on it. Accordingly, the defendants testified that they agreed that if the property were refinanced and the home constructed Mr. Bowles would transfer his interest in the CT Page 10025 house the following year to Mrs. Bowles. Indeed, there is an affidavit signed by Mr. Bowles dated January 15, 1991 which states that he transferred his interest in the property to his wife and that it was his intention to renounce any and all interest that he might have in the property should he become divorced from his wife.
Although Connecticut has now adopted the Uniform Fraudulent Transfer Act, see Public Acts 91-297, General Statutes 52-552 was in effect at the time of the conveyance. Under that statute "a conveyance is fraudulent if made with actual intent to avoid any debt or duty or if made without any substantial consideration by a person who is or will be thereby rendered insolvent. . . . A person is insolvent for these purposes when he is unable to pay his then existing debts." Cook v. Bieluch, 32 Conn. App. 537, 551 (1993).
In the present case there was insufficient evidence upon which the court might determine whether the defendant was rendered insolvent at the time of the transfer and, therefore, the plaintiff in order to prevail must prevail on the fraudulent intent claim.
Fraudulent intent is ordinarily not proven by direct evidence but usually is demonstrated by inferences from other facts found to have been proven. See Zapolsky v. Sacks, 191 Conn. 194, 200
(1983). In the present case, the transfer was made by a husband to his wife without monetary consideration and Mr. Bowles continued to live in the home and continued to remain married. The transfer itself was made at a time when the parties knew that the plaintiff was making a claim of sums due to it and the parties were also aware that negotiations to resolve that dispute had ended a few months before the transfer was made. The parties were also aware that a mechanics' lien had previously been placed upon the property and released upon an agreement to make scheduled payments.
The issue presented is not whether the plaintiff can prevail on a trial on the merits by establishing fraudulent intent by clear, precise and unequivocal evidence. See Tyers v. Coma,214 Conn. 8, 11 (1990). Under our law, which this court is required to follow, the plaintiff must demonstrate only "a bona fide belief in the existence of facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it." The facts as found by the court satisfy that burden.
Accordingly, the application for a prejudgment remedy to secure the sum of $20,000 is hereby granted. CT Page 10026