[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR PJR ATTACHMENT
In this matter the Plaintiff seeks a prejudgment remedy CT Page 4373 attachment in the amount of $35,000.00. The Plaintiff's claim is based upon a Two Count Complaint. The First Count of said Complaint is founded upon a claim of money due for services rendered. The Second Count of said Complaint is based upon a theory of unjust enrichment.
The hearing in probable cause for issuance of a prejudgment remedy is not intended to be a trial on the merits. McCutcheon Burr, Inc. v. Berman, 218 Conn. 512, 590 A.2d 438 (1991). In considering an application for a prejudgment remedy, the trial court determines whether or not there exists "probable cause to sustain the validity of the plaintiff's claim." General Statutes § 52-278d(a). The concern is "whether and what extent the plaintiff is entitled to have the property of the defendant held in the custody of law pending adjudication of the merits of that action." E.J. Hansen Elevator, Inc. v. Stoll, 167 Conn. 623,629-30, 356 A.2d 893 (1975).
The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim." New England Land Co., Ltd. v. DeMarkey,213 Conn. 612, 620, 569 A.2d 1098 (1990). "Civil probable cause" such as will justify resort to a prejudgment remedy constitutes abona fide belief in the existence of facts essential under law for the action and as would warrant men of ordinary caution, prudence, and judgment, under the circumstances, in entertaining it." One Fawcett Place Ltd., Partnership v. DiamandisCommunications, Inc., 24 Conn. App. 524, 589 A.2d 892 (1991).
The task of the trial court is essentially one of weighing probabilities; that task requires the exercise of broad discretion. Dow Condon, Inc. v. Anderson, 203 Conn. 475, 479,525 A.2d 935 (1987). "This weighing process applies to both legal and factual issues." Bank of Boston Connecticut v. Schlesinger,220 Conn. 152, 156, 595 A.2d 872 (1991). In ruling on a prejudgment remedy motion, the court must evaluate not only the plaintiff's claim but also any defenses raised by the defendant.Haxhi v. Moss, 25 Conn. App. 16, 591 A.2d 1275 (1991).
Having fully considered the evidence presented at the hearing, having further considered the credibility of the witnesses who testified at said hearing and having further considered the arguments of counsel as presented in their respective briefs, the Court finds that the Plaintiff has failed to demonstrate that probable cause exists to sustain the validity CT Page 4374 of the Plaintiff's claim in this matter.
The jurisdictional issues raised at the hearing upon the PJR application may have a bearing upon the Plaintiff's claim. The disputed and conflicting evidence presented with respect to the amount claimed to be due and owing to the Plaintiff and the credits claimed to be due and owing to the Defendant as a result of the claimed procurement of a certain insurance policy will all have a significant bearing upon the Plaintiff's claim. Said issues will ultimately be resolved at trial.
Accordingly, the Plaintiff's Application for a Prejudgment Remedy attachment is denied.
BY THE COURT
CARROLL, J.