[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
"General Statutes § 52-278d(a) provides that a trial court may issue a PJR if it determines that there is `probable cause to sustain the validity of [the plaintiff's] claim.' It is firmly established that the trial court's hearing in probable cause is not intended to be a full scale trial on the merits of the plaintiff's claim. The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim. . . . The court's role in such a hearing is to determine probable success by weighing probabilities. . . .' (Internal quotation marks omitted.) Calfee v. Usman, 224 Conn. 29, 37, 616 A.2d 250 (1992). Probable cause for purposes of the PJR statutes is a flexible common sense standard that does not demand that a belief be correct or more likely true than false. Goodwin v. Pratt, 10 Conn. App. 618, 621,524 A.2d 1168 (1987)." Fischel v. TKPK, Ltd., 34 Conn. App. 22, 24,640 A.2d 125 (1994). "`In acting on a prejudgment remedy motion, the trial court must evaluate the arguments and evidence produced by both parties to determine whether there is probable cause to sustain the validity of the plaintiffs' claim. . . . [T]he trial court, vested with broad discretion, need determine only the likely success of the plaintiffs' claim by weighing probabilities.' (Citations omitted; internal quotation marks omitted.) Haxhi v. Moss, 25 Conn. App. 16,18-19, 591 A.2d 1275 (1991); E.J. Hansen Elevator, Inc. v. Stoll,167 Conn. 623, 628-30, 356 A.2d 893 (1975). Civil probable cause constitutes a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a person of ordinary caution, prudence and judgment, under the circumstances, in advancing the action. One Fawcett Place Ltd. Partnership v. DiamandisCommunications, Inc., 24 Conn. App. 524, 525, 589 A.2d 892 (1991).Tyler v. Schnabel, 34 Conn. App. 216, 219-20, 641 A.2d 388 (1994).
Given the state of the evidence, it cannot be said that there is not probable cause that the defendants exercised the option to extend the lease. Whether damages are due the plaintiff is a question not without doubt. Even accepting that the parties were on good terms prior to September, 1997, six years is an inordinately long time to wait before making a demand for monies claimed to be owing, as the CT Page 5458 legislature has long recognized. Cf. General Statutes § 52-576. However, adhering to the governing standard for the issuance of a PJR, the court finds that there is probable cause for the increased rent/common charges claimed to be due, and the other unpaid charges. The court cannot credit all of the damages claimed to have been visited on the demised premises.
"[T]here [are] numerous questions remaining to be resolved at the trial with respect to both the factual and legal efficacy of the [plaintiff's claims] . . . but . . . these questions [do] not militate against a finding of probable cause." Three S. DevelopmentCo. v. Santore, 193 Conn. 174, 178-79, 474 A.2d 795 (1984). Taking the defendants' security deposit into account, the court finds that there is probable cause that the plaintiff will recover a judgment in the amount of $28,000.00 damages including any prejudgment interest and costs.
A prejudgment remedy in the amount of $28,000.00 is granted.
BY THE COURT
Bruce L. Levin Judge of the Superior Court