[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPLICATION FOR PJR ATTACHMENT
In this matter the Plaintiff seeks a prejudgment remedy by way of garnishment in the amount of $116,000.00 of certain trust proceeds. The Plaintiff's claim is premised upon an amount claimed to be due and owing CT Page 7803 to the Plaintiff, Datahr Rehabilitation Institute, for services rendered to the Defendant, Jay Smith who suffers from a traumatic brain injury and has been a client of the Plaintiff Datahr Rehabilitation Institute for more than ten years.
The Defendant, Jay Smith, through his Conservator, the Defendant, John Watts, defends against the claim for such attachment and asserts that because the said trust which is sought to be garnished is a "Special Needs Trust," in accordance with the provisions of C.G.S. 52-321, it is beyond the reach of a prejudgment attachment and is exempt from execution. The Plaintiff asserts that the said trust, in which the Defendant, Jay Smith's primary assets are held, is not "exempt property" under C.G.S. 52-352b because it does not qualify as one of the 21 enumerated exemptions and because the trust is a "self settled trust".
The hearing in probable cause for issuance of a prejudgment remedy is not intended to be a trial on the merits. McCutcheon Burr, Inc. v.Berman, 218 Conn. 512, 590 A.2d 438 (1991). In considering an application for a prejudgment remedy, the trial court determines whether or not there exists "probable cause to sustain the validity of the plaintiff's claim." General Statutes § 52-278d(a). The concern is "whether and what extent the plaintiff is entitled to have the property of the defendant held in the custody of law pending adjudication of the merits of that action." E.J. Hansen Elevator, Inc. v. Stoll, 167 Conn. 623, 629-30,356 A.2d 893 (1975).
The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim." NewEngland Land Co., Ltd. v. DeMarkey, 213 Conn. 612, 620, 569 A.2d 1098
(1990). "Civil probable cause" such as will justify resort to a prejudgment remedy constitutes a bona fide belief in the existence of facts essential under law for the action and as would warrant men of ordinary caution, prudence, and judgment, under the circumstances, in entertaining it." One Fawcett Place Ltd., Partnership v. DiamandisCommunications, Inc., 24 Conn. App. 524, 589 A.2d 892 (1991).
The task of the trial court is essentially one of weighing probabilities; that task requires the exercise of broad discretion. Dow Condon, Inc. v. Anderson, 203 Conn. 475, 479, 525 A.2d 935 (1987). "This weighing process applies to both legal and factual issues." Bank ofBoston Connecticut v. Schlesinger, 220 Conn. 152, 156, 595 A.2d 872
(1991). In ruling on a prejudgment remedy motion, the court must evaluate not only the plaintiff's claim but also any defenses raised by the defendant. Haxhi v. Moss, 25 Conn. App. 16, 591 A.2d 1275 (1991).
Having fully considered the evidence presented at the hearing, having CT Page 7804 further considered the credibility of the witnesses who testified at said hearing and having further considered the arguments of counsel, the Court finds that probable cause exists to sustain the validity of the plaintiff's claim in this matter.
The court finds first that there is probable cause to believe that there is approximately $116,000.00 due to the Plaintiff, Datahr Rehabilitation Institute for services it has rendered to the Defendant, Jay Smith. The Court further finds that there is probable cause to believe that the Plaintiff will prevail in its action against the Defendants to recover said amount.
The Court is unpersuaded by the Defendant's claim that the trust proceeds, consisting of approximately $241,000.00 from the settlement of the Defendant, Jay Smith's, Worker's Compensation claim, is exempt property under C.G.S. 52-352b. The weight of the evidence suggests that the trust in question is not exempt from execution. Furthermore, there is probable cause to believe that the trust, as established by Kevin Smith, the brother and then Conservator of the Estate of the Defendant, Jay Smith, is not a "third party trust" but is rather a "self-settled trust". In the instant case, the Defendant, Jay Smith is the beneficiary of the trust in question; the trust has been established by the Defendant, Jay Smith, by and through his duly appointed Conservator, Kevin Smith; and the trust attempts to protect its assets from the reach of a creditor, the Plaintiff, Datahr Rehabilitation Institute.
As regards the Defendant's claim that the Plaintiff's action is barred by the "prior pending action doctrine", this Court is again unpersuaded. The prior pending action asserted by the Defendant is an appeal from an order of the Clinton Probate Court. That appeal seeks a determination from the Superior Court of Datahr's rights to proceed against the trust. The said probate appeal does not seek monetary damages as does the instant case. Based upon this Court's review of the two actions, this Court concludes that the two pending actions are not "virtually alike" within the meaning of said phrase as set forth by the Supreme Court in the matter of Beaudoin v. Town Oil Company, Inc., 207 Conn. 575 (1988).
Accordingly, the plaintiff's Application for a Prejudgment Remedy attachment is granted in the amount of $116,000.00.
 BY THE COURT CARROLL, J.