[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an application for a prejudgment remedy. At the hearing, only the plaintiff testified. The defendant did not appear in person or by counsel.[1]
The plaintiff testified that she was a tenant of the defendant and that on September 9, 2002, he shot her in the left arm and shoulder with a shot gun at short range as she was returning from emptying her garbage. She was hospitalized for three days, underwent surgery and incurred a hospital bill of $15,015.00. The plaintiff could offer no reason as to why the defendant would shoot her. The hospital record, however, states that she was engaged in an altercation with her landlord. Although the plaintiff indicated that the defendant had been incarcerated since the shooting, the sheriff's return reflects that he was served in-hand at his home on December 10, 2002.
A review of the hospital record reflects that upon arrival at the hospital the plaintiff was under the influence of drugs and alcohol. She sustained a severely comminuted fracture of the mid-to-proximal humeral shaft. A rod was inserted during surgery to stabilize the humerus using a solid nail and interlock screws. The hospital record also confirms that the injury was very painful. The plaintiff's arm was in a splint at the time of the hearing.
General Statutes § 52-278d (a) provides in relevant part that a hearing on a prejudgment remedy "shall be limited to a determination of (1) whether or not there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought, taking into account any defenses, counterclaims or set-offs, will be rendered in the matter in favor of the plaintiff. . . . If the court, upon consideration of the facts before it and taking into account any defenses, counterclaims or set-offs . . . finds that the plaintiff has shown probable cause that such a judgment will be rendered in the matter in the plaintiff's favor in the amount of CT Page 97 the prejudgment remedy sought and finds that a prejudgment remedy securing the judgment should be granted, the prejudgment remedy applied for shall be granted as requested or as modified by the court. . . ."
"`The plaintiff does not have to establish that [s]he will prevail, only that there is probable cause to sustain the validity of the claim. . . . The court's role in such a hearing. is to determine probable success by weighing probabilities. . . .' (Internal quotation marks omitted.) Calfee v. Usman, 224 Conn. 29, 37, 616 A.2d 250 (1992). Probable cause for purposes of the PJR statutes is a flexible common sense standard that does not demand that a belief be correct or more likely true than false. Goodwin v. Pratt, 10 Conn. App. 618, 621,524 A.2d 1168 (1987)." Fischel v. TKPK, Ltd., 34 Conn. App. 22, 24,640 A.2d 125 (1994). "`In acting on a prejudgment remedy motion, the trial court must evaluate the arguments and evidence produced by both parties to determine whether there is probable cause to sustain the validity of the plaintiffs' claim. . . . [T]he trial court, vested with broad discretion, need determine only the likely success of the plaintiffs' claim by weighing probabilities.' (Citations omitted; internal quotation marks omitted.) Haxhi v. Moss, 25 Conn. App. 16, 18-19,591 A.2d 1275 (1991); E.J. Hansen Elevator, Inc. v. Stoll, 167 Conn. 623,628-30, 356 A.2d 893 (1975). Civil probable cause constitutes a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a person of ordinary caution, prudence and judgment, under the circumstances, in advancing the action. One Fawcett Place Ltd. Partnership v. Diamandis Communications, Inc.,24 Conn. App. 524, 525, 589 A.2d 892 (1991)." Tyler v. Schnabel,34 Conn. App. 216, 219-20, 641 A.2d 388 (1994).
The court finds that there is probable cause that the a judgment in the amount of $140,000 will be rendered for the plaintiff and a Marshall is commanded to attach the value of $140,000 the real estate of the defendant.
BY THE COURT
 ___________________ Bruce L. Levin Judge of the Superior Court