[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an application for a prejudgment remedy preliminary to an action for breach of contract to do remodeling on a New York apartment and for failure to pay for architectural services. The parties appeared and the court heard evidence and argument on the application.
General Statutes § 52-278d (a) provides in relevant part that a hearing on a prejudgment remedy "shall be limited to a determination of (1) whether or not there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought, taking into account any defenses, counterclaims or set-offs, will be rendered in the matter in favor of the plaintiff . . . If the court, upon consideration of the facts before it and taking into account any defenses, counterclaims or set-offs . . . finds that the plaintiff has shown probable cause that such a judgment will be rendered in the matter in the plaintiff's favor in the amount of the prejudgment remedy sought and finds that a prejudgment remedy securing the judgment should be granted, the prejudgment remedy applied for shall be granted as requested or as modified by the court . . ."
"`The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim . . . The court's role in such a hearing is to determine probable success by weighing probabilities . . .' (Internal quotation marks omitted.) Calfeev. Usman, 224 Conn. 29, 37, 616 A.2d 250 (1992). Probable cause for purposes of the PJR statutes is a flexible common sense standard that does not demand that a belief be correct or more likely true than false.Goodwin v. Pratt, 10 Conn. App. 618, 621, 524 A.2d 1168 (1987)." Fischelv. TKPK, Ltd., 34 Conn. App. 22, 24, 640 A.2d 125 (1994). "`In acting on a prejudgment remedy motion, the trial court must evaluate the arguments and evidence produced by both parties to determine whether there is probable cause to sustain the validity of the plaintiffs' claim . . . [T]he trial court, vested with broad discretion, need determine only the likely success of the plaintiffs' claim by weighing probabilities.' CT Page 2799 (Citations omitted; internal quotation marks omitted.) Haxhi v. Moss,25 Conn. App. 16, 18-19, 591 A.2d 1275 (1991); E.J. Hansen Elevator,Inc. v. Stoll, 167 Conn. 623, 628-30, 356 A.2d 893 (1975). Civil probable cause constitutes a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a person of ordinary caution, prudence and judgment, under the circumstances, in advancing the action. One Fawcett Place Ltd. Partnership v. DiamandisCommunications, Inc., 24 Conn. App. 524, 525, 589 A.2d 892 (1991)." Tylerv. Schnabel, 34 Conn. App. 216, 219-20, 641 A.2d 388 (1994).
Both parties lied. The plaintiff claimed that the fair value of certain architectural drawings done for the defendant was $10,000.00. There was no meeting of the minds as to whether or how much the defendant would pay for the drawings, and the drawings were of little value to the defendant. The value of the work done was a fraction of the $10,000 claimed by the plaintiff. Indeed, the defendant was never billed for the work.
For his part, the defendant claimed that he and his employees expended more than $11,000 in labor on the plaintiff's terrace. Like the plaintiff's claim for architectural drawings, this claim is outrageous.
The court has found the testimony and opinions of Mr. Theodore Laurence Strauss more credible than that of the parties, although its foundation is impaired to some extent because of reliance on the plaintiff's version of facts and Strauss' inability to break down his estimates into individual items. Even Strauss' testimony conflicted with the plaintiff's as to certain points. The court credits Strauss' observation that the defendant performed little work on the terrace, for which the defendant had received a deposit of $8,000.00.[1] However, the defendant must have performed some work on the terrace since (1) it was the terrace work that triggered the issue that there was no permit for such work and (2) the plaintiff stated at one point that the work on the terrace was of little benefit to him.
The court finds that there is probable cause that a judgment in the amount of $15,000 will be rendered in favor of the plaintiff and against the defendant.
A prejudgment remedy in the amount of $15,000 is granted.
 BY THE COURT Bruce L. Levin Judge of the Superior Court
CT Page 2800